[707 NYS2d 261]

In the Matter of MICHAEL J. GROVES, Appellant, v STATE UNIVERSITY OF NEW YORK AT ALBANY et al., Respondents.

Third Department, April 20, 2000

## APPEARANCES OF COUNSEL

*Frank J. De Cotis,* Watervliet, for appellant.

*Eliot Spitzer, Attorney General,* Albany (*Gina M. Ciccone* of counsel), for State University of New York at Albany and others, respondents.

*Maynard, O'Connor, Smith & Catalinotto, L. L. P.,* Albany (*Laurel L. Bohl* of counsel), for Town of Colonie and another, respondents.

## OPINION OF THE COURT

CREW III, J.

On January 11, 1999, an altercation allegedly occurred between petitioner and his then-girlfriend (hereinafter the victim) at petitioner's residence in the City of Watervliet, Albany County. The victim, a resident of the Town of Colonie, Albany County, reported the matter to the Town of Colonie Police Department and an investigation ensued. In conjunction therewith, the investigating officer completed a domestic incident report describing the alleged altercation. No charges against petitioner were filed as a result of this incident.

Thereafter, on January 30, 1999, another altercation between petitioner and the victim allegedly occurred, this time on the campus of respondent State University of New York at Albany, where petitioner was a student. College law enforcement officials investigated the incident and prepared a domestic incident report, and petitioner was charged with harassment in the first degree, a class B misdemeanor. Petitioner's subsequent motion to dismiss this charge was granted based upon the failure of the information to contain nonhearsay allegations that the victim sustained "reasonable fear of physical injury" within the meaning of Penal Law § 240.25.

While the motion to dismiss the criminal charge was pending in Albany City Court, petitioner commenced the instant proceeding pursuant to CPLR article 78 seeking, *inter alia,* an order prohibiting the respective police departments and respondent State Division of Criminal Justice Services (hereinafter DCJS) from retaining the domestic incident reports and compelling respondents to expunge such reports from their records. Supreme Court dismissed petitioner's application, prompting this appeal.

We affirm. Before addressing petitioner's specific arguments, a brief overview of the relevant statutory provisions is in order. In 1994, the Legislature enacted the Family Protection and Domestic Violence Intervention Act (L 1994, ch 222 [hereinafter the Act]), which was designed to, *inter alia*, effectuate a comprehensive reform of the statutory treatment of domestic violence (*see*, Sponsor's Mem, Bill Jacket, L 1994, ch 222). To that end, CPL 140.10 was amended to provide for the mandatory arrest of any person who commits certain enumerated offenses against "a member of the same family or household" as such term is defined by CPL 530.11 (*see*, CPL 140.10 [4] [a]). Both CPL 530.11 (1) and Family Court Act § 812 (1) define "members of the same family or household" as "(a) persons related by consanguinity or affinity; (b) persons legally married to one another; (c) persons formerly married to one another; and (d) persons who have a child in common regardless whether such persons have been married or have lived together at any time." CPL 140.10 (5), in turn, mandates that a law enforcement officer investigating a report of a crime or an offense between members of the same family or household "prepare and file a written report of the incident, on a form promulgated pursuant to [Executive Law § 837],* including statements made by the victim and by any witnesses, and make any additional reports required by local law enforcement policy or regulations." Such report must be prepared and filed regardless of whether an arrest is made and must be retained by the law enforcement agency for at least four years (*see*, CPL 140.10 [5]).

The crux of petitioner's argument on appeal is that he and the victim were not "members of the same family or household" within the meaning of CPL 530.11 and Family Court Act § 812 and, hence, respondents had no authority to prepare and file the domestic incident reports at issue. We find this argument to be unpersuasive. As a starting point, the mere fact that CPL 140.10 (5) compels the preparation of a domestic incident report when a crime or offense has occurred between members of the same family or household does not, as petitioner contends, evidence a legislative intent to preclude the filing of such a report

---

* Executive Law § 837 (15) authorizes DCJS to: "[p]romulgate, in consultation with the superintendent of state police and the state office for the prevention of domestic violence, a standardized 'domestic violence incident report form' for use by state and local law enforcement agencies in the reporting, recording and investigation of all alleged incidents of domestic violence, regardless of whether an arrest is made as a result of such investigation."

in all other circumstances. In other words, although CPL 140.10 indeed requires a domestic incident report to be filed in certain instances, the statute simply does not, on its face, prohibit or in any way limit the filing of such a report to incidents of violence between members of the same family or household. Petitioner's argument to the contrary not only ignores the plain language of the statute but blurs the important distinction between the relief available under the Act to *certain victims* of domestic violence and the authority of law enforcement agencies to investigate and maintain records of *all reports* of domestic violence.

To be sure, because petitioner and the victim were not members of the same family or household, the victim could not avail herself of certain relief afforded by the Act. For example, the victim could not benefit from the mandatory arrest provisions previously discussed, nor could she invoke the concurrent jurisdiction of Family Court—a key feature of the Act—and elect to proceed in that forum. However, the fact that such protections are available only to a specific subset of victims of domestic violence that, at present, does not include individuals who are dating, does not mean that DCJS and law enforcement agencies do not have a legitimate interest in investigating and maintaining reports of domestic violence between such individuals. Specifically, as applied to the matter before us, the victim's status as petitioner's girlfriend at the time of the underlying incidents does not preclude her from filing a report of domestic violence and, more to the point, does not preclude respondents from investigating and maintaining a record of it.

Our finding in this regard is, in our view, entirely consistent with the provisions of Executive Law § 837 (15) which, as noted previously, authorizes DCJS to promulgate a domestic incident report "for use by state and local law enforcement agencies in the reporting, recording and investigation of *all* alleged incidents of domestic violence, regardless of whether an arrest is made as a result of such investigation" (emphasis supplied). In short, while CPL 140.10 and 530.11, together with Family Court Act § 812, indeed limit the class of victims entitled to certain relief under the Act, such statutes do not limit respondents' authority to investigate and maintain reports of domestic violence occurring between individuals who are not members of the same family or household. Petitioner's remaining arguments on this point have been examined and found to be unpersuasive.

As for petitioner's alternative request that such reports be sealed, we agree with respondents that petitioner waived his

entitlement to such relief by not amending his petition in this regard. Although this Court may conform the pleadings to the proof "if justice so dictates" (*D'Antoni v Goff*, 52 AD2d 973, 974) and there is no prejudice to respondents (*see, e.g., Dougherty v Dougherty*, 256 AD2d 714, 715; *River Val. Assocs. v Consolidated Rail Corp.*, 182 AD2d 974, 976), we perceive no need for such intervention here. Petitioner's remaining claims, to the extent that they are properly before us, have been examined and found to be lacking in merit.

CARDONA, P. J., CARPINELLO, GRAFFEO and MUGGLIN, JJ., concur.

Ordered that the judgment is affirmed, without costs.