[897 NE2d 1049, 868 NYS2d 568]

In the Matter of CITY OF ELMIRA et al., Respondents, v JOHN DOE, Appellant.

Argued September 3, 2008; decided October 16, 2008

### APPEARANCES OF COUNSEL

*Schlather, Geldenhuys, Stumbar & Salk,* Ithaca (*Diane V. Bruns* of counsel), for appellant.

*J. William O'Brien II, Corporation Counsel,* Elmira (*John J. Ryan, Jr.,* of counsel), for respondents.

MEMORANDUM.

The order of the Appellate Division, insofar as appealed from, should be affirmed, without costs.

In this special civil proceeding brought pursuant to CPL 160.50 to vacate a sealing order, the primary issue before this Court is whether some of the sealed materials constitute "official records" within the meaning of CPL 160.50 (1) (c).* We agree with the Appellate Division that certain sealed records in this case (i.e., property tags, bags and logs showing the chain of custody of money surrendered by persons arrested by respondent, and other records generated in the investigations of those arrests) are not official records subject to a CPL 160.50 seal. Respondent's remaining argument that the Appellate Division erred in granting "resettlement and reargument" is without merit.

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order, insofar as appealed from, affirmed, without costs, in a memorandum.

---

* All parties now acknowledge that CPL 160.50 (1) (d) is not applicable; accordingly, we may not pass on those aspects of the rulings below. Throughout this proceeding, neither party addressed whether CPL 160.50 (1) (c) is a proper basis upon which to obtain sealed documents in this procedural context. They simply contest whether the subject materials constitute "official records." Thus, as this threshold issue was not preserved for appellate review, we must here accept without comment the general applicability of CPL 160.50 (1) (c) as a basis for vacatur.