■ In the Matter of AKIEBA MC., Appellant. NASSAU COUNTY DISTRICT ATTORNEY, Nonparty Respondent. [897 NYS2d 656]—

In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeals are from (1) an order of the Family Court, Nassau County (Marks, J.), dated May 27, 2009, which granted the motion of the Nassau County District Attorney pursuant to CPL 160.50 (1) (d) (ii) to unseal the record of the proceeding, and (2) an order of the same court dated June 23, 2009, which, in effect, denied the appellant's motion for leave to reargue.

Ordered that the appeal from the order dated June 23, 2009, is dismissed, without costs or disbursements, as no appeal lies from an order denying leave to reargue; and it is further,

Ordered that the order dated May 27, 2009, is reversed, on the law, without costs or disbursements, and the motion of the Nassau County District Attorney pursuant to CPL 160.50 (1) (d) (ii) to unseal the record of the proceeding is denied.

In this juvenile delinquency proceeding, the appellant was granted an adjournment in contemplation of dismissal, the proceeding was dismissed, and the record of the proceeding was sealed pursuant to CPL 160.50. The Nassau County District Attorney subsequently moved pursuant to CPL 160.50 (1) (d) (ii) to unseal the record of the proceeding, alleging that there were criminal matters pending against two other individuals arising out of the same incident as this proceeding, and that unsealing was necessary, inter alia, to obtain the testimony or statements of the appellant in the event that she testifies in the trials against the other individuals and to prevent perjury.

The appellant correctly contends that the Nassau County District Attorney's request does not fall under the "law enforcement agency" exception to the general proscription against releasing sealed records (CPL 160.50 [1] [d] [ii]; *see Matter of Katherine B. v Cataldo*, 5 NY3d 196, 202-205 [2005]). Accordingly, the Family Court should have denied the motion. Dillon, J.P., Balkin, Dickerson and Lott, JJ., concur.