*668 OPINION OF THE COURT
Juan M. Merchan, J.
By notice of motion dated April 22, 2010, defendant, by his attorney, moves this court for an order vacating its March 16, 2010 order which granted unsealing of New York County Criminal Court docket No. 2009NY030245, upon the People’s ex parte application.
On April 23, 2010, this court heard oral argument from the parties. Following oral argument, the parties submitted supplemental papers. Defendant filed a supplemental affirmation and memorandum of law dated April 30, 2010. On May 11, 2010, the People filed a memorandum of law in opposition to defendant’s motion to vacate the unsealing order. The defendant filed a reply affirmation on May 21, 2010.
Procedural History
On April 14, 2009, the defendant was arrested and arraigned on docket No. 2009NY030245, for the crime of aggravated harassment in the second degree. On June 23, 2009, a temporary order of protection (hereinafter TOP) was issued barring the defendant from contact with the complaining witness. The TOP was effective from June 23, 2009 through August 12, 2009. The People contend the defendant violated that TOP by sending an e-mail to the complainant on July 25, 2009.
On January 21, 2010, on the People’s motion, docket No. 2009NY030245, as well as a second case pending against this defendant under docket No. 2009NY030244, was dismissed. At that time, the People informed the presiding judge that based upon their investigations, they were moving to dismiss both cases in their discretion. The People did not provide further explanation. However, the People sought to stay sealing of both dockets, informing the presiding judge of their intent to file a new accusatory instrument for criminal contempt in the second degree, based upon a violation of the underlying order of protection under docket No. 2009NY030245. The court dismissed and sealed both dockets. In denying the People’s motion to stay sealing, the judge suggested the People seek an unsealing order if they decided to pursue a third case against the defendant.
On February 25, 2010, the People initiated a new criminal action against the defendant. On that date, the defendant was arrested and arraigned under a new Criminal Court docket which charged him with criminal contempt in the second degree, in violation of Penal Law § 215.50 (3). The new charge was based *669 upon the alleged violation of the TOP issued under docket No. 2009NY030245, for the July 25, 2009 e-mail.
On March 16, 2010, this court was assigned to Part 1 of the Supreme Court of New York County, responsible for overseeing grand jury proceedings and other matters, including applications from Criminal Court for Supreme Court orders. On that date, the People applied, ex parte, for an order unsealing docket No. 2009NY030245. The People’s affirmation in support of their application indicated justice required unsealing to permit prosecution of the defendant for criminal contempt in the second degree. Specifically, the People indicated unsealing was necessary to obtain a certified copy of the TOP contained within the sealed file. This court granted the application.
The People’s March 16, 2010 application for unsealing did not inform this court of the People’s prior application to stay sealing in the interests of justice before a judge of the Criminal Court. This court first learned of Criminal Court’s denial of a stay when defense counsel moved to vacate the unsealing order. This procedural history is significant to a ruling on an unsealing application. Had this court been apprised of the denial of the stay application, it would in all likelihood have required the unsealing motion be continued on notice to the defendant.
Arguments of the Parties
The defendant moves to vacate the unsealing order on the ground that the People lacked standing to move for unsealing. The defendant argues the People do not qualify as a “law enforcement agency” under CPL 160.50 (1) (d) (ii), under the rationale of Matter of Katherine B. v Cataldo (5 NY3d 196 [2005]).
The People respond that the current unsealing order was properly granted. The People posit that the Court of Appeals, in Katherine B. v Cataldo, was not faced with the current situation wherein the People seek to use the documents contained within a sealed file for a continuing criminal investigation. The People argue that although they commenced the new Criminal Court action prior to making their motion for unsealing, the documents and information they seek are necessary to their continuing investigation. Further, the People argue the unsealed materials are crucial to their ability to prove their case at trial, specifically, to establish that a temporary order of protection was in existence; that the defendant was the person to whom the order had been issued; and that the defendant was the person who violated that court order.
*670 The Sealing Statute
CPL 160.50 (1) mandates sealing of the record upon the termination of a criminal action in favor of the accused. Here, there is no dispute that docket No. 2009NY030245 was terminated in the defendant’s favor.
CPL 160.50 (1) (c) sets forth which materials are subject to the sealing requirement, stating that
“all official records and papers, including judgments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office shall be sealed and not made available to any person or public or private agency.”
Under paragraph (c), temporary orders of protection are subject to sealing.
CPL 160.50 (1) expressly authorizes the district attorney to move to stay the sealing of a dismissed case. Under subdivision (1), the burden is on the district attorney to demonstrate to the satisfaction of the court that the interests of justice require that the records not be sealed. The district attorney’s motion must be made on not less than five days’ notice to the defendant or his or her attorney.
CPL 160.50 (1) (d) (ii) provides that sealed records shall be made available to “a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires that such records be made available to it.”
The legislative history of the sealing statute indicates that the question of how to address the pendency of other criminal cases was an issue the legislature wrestled with early on. Originally, CPL 160.50 (1) (L 1976, ch 877, § 1 [eff Sept. 1, 1976]) read that sealing was to be implemented
“[u]pon the termination of a criminal action or proceeding against a person in favor of such person . . . unless another criminal action or proceeding is pending against such person, or unless the district attorney upon motion with not less than five days notice to such person or his attorney demonstrates to the satisfaction of the court that the interests of justice require otherwise.” (Emphasis added.)
*671 Less than a year later, however, an amendment to CPL 160.50 (L 1977, ch 905, § 1 [eff Aug. 11, 1977]) eliminated the automatic bar on sealing when another action was pending against the same defendant. In its place, the Legislature added a provision enabling the court itself, sua sponte, to deny sealing in the interests of justice, upon not less than five days’ notice to the defendant or his or her attorney.
The Memorandum of the State Executive Department (1977 McKinney’s Session Laws of NY, at 2452), as well as the Memorandum of the New York State Senator sponsoring the amendment (1977 NY Legis Ann, at 320), set forth the reasoning behind this statutory amendment. These memoranda describe a problem which had developed in implementing the sealing provisions. Because courts were having difficulty ascertaining whether a defendant had open cases pending, in an abundance of caution, judges were not always sealing cases which were entitled to the benefit of the sealing provision.
The Legislature reasoned that the existence of another pending case is often irrelevant to the dismissed case. It determined that the pendency of another criminal matter alone did not justify an across the board denied of sealing.
By way of illustration, prior to the amendment of the statute, a defendant acquitted of a serious felony charge would be denied sealing based upon the existence of any open case, no matter how minor or unrelated to the dismissed felony charge. The Legislature amended the statute so that thereafter, upon motion of the prosecutor, or on the court’s own motion, sealing could be denied when justice so required due to the pendency of another case. However, sealing was no longer automatically barred based solely upon the existence of an open case.
The distinction in the notice requirements in CPL 160.50 (1) and the lack thereof in CPL 160.50 (1) (d) (ii) from the inception of the statute to date is illustrative of the differing purposes behind the statutes. Under CPL 160.50 (1), if the People oppose sealing for any reason, including upon a claimed need for use in a separately pending matter, they must proceed on notice to the defendant. This is reasonable as the defendant is presumably already cognizant of the separate prosecution. Thus, there exists no need for an ex parte procedure to determine whether the interests of justice support a denial of the otherwise statutory right to sealing.
On the other hand, CPL 160.50 (1) (d) (ii) contemplates a law enforcement investigation in progress. In such cases, the target *672 will often be unaware of the investigation. Therefore, the Legislature provided a procedure for law enforcement personnel to obtain an unsealing order without disclosing the application to the person under investigation, upon a proper showing of need. At a later time, after charges are filed, a defendant may seek to vacate the unsealing order if he or she believes it was improperly granted.

Matter of Katherine B. v Cataldo

In 2005 the Court of Appeals addressed the question of whether a prosecutor may obtain unsealing orders under CPL 160.50 (1) (d) (ii), the law enforcement exception. In Matter of Katherine B. v Cataldo (5 NY3d 196 [2005]), the Court of Appeals held that CPL 160.50 (1) (d) (ii) does not authorize the unsealing of Criminal Court records for the purpose of assisting prosecutors in making sentencing recommendations in pending Criminal Court prosecutions.
The petitioners in Katherine B. were political demonstrators who had chained themselves together across a busy midtown intersection, thereby impeding vehicular traffic. The petitioners were convicted in Criminal Court of obstructing governmental administration and disorderly conduct. Prior to imposing sentence, the trial judge asked the prosecutor to furnish him with the petitioners’ updated criminal histories in support of their sentencing recommendations. Because a number of the petitioners’ prior cases had been sealed, the prosecutor sought and obtained an ex parte unsealing order from the Honorable John Cataldo in Supreme Court, Criminal Term, pursuant to CPL 160.50 (1) (d) (ii). Upon learning of the unsealing order, the petitioners moved before Judge Cataldo for an order vacating the unsealing order. Judge Cataldo denied the application.
The Court of Appeals reversed the Supreme Court, finding the unsealing order was not properly granted within the parameters set forth in CPL 160.50 (1) (d) (ii). (Matter of Katherine B. v Cataldo, 5 NY3d 196 [2005], supra.) The Court noted that the six statutory exceptions expressly set forth within paragraph (d) were “precisely drawn.” (Id. at 203.) These narrowly drawn exceptions evidenced the “Legislature’s commitment to prohibiting disclosure of sealed records — once initial sealing has not been forestalled by the court in the interests of justice — except where the statute explicitly provides otherwise.” (Id. at 203.)
The Court in Katherine B. concluded that “[t]he statute’s provisions strongly suggest that its primary focus is the unseal *673 ing of records for investigatory purposes.” (Id. at 205.) The Court further indicated that the law enforcement exception under CPL 160.50 (1) (d) (ii) applied to police departments, the Division of Criminal Justice Services and other law enforcement agencies. The Court pointed out that the term “law enforcement agency,” when used elsewhere in CPL 160.50, always appears in conjunction with the terms “police department” and/or the “division of criminal justices services.” (Id. at 204.)
In comparing CPL 160.50 (1) (d) (i), which expressly authorizes prosecutors to seek an unsealing order when a defendant moves for an adjournment in contemplation of dismissal on a marijuana charge, with CPL 160.50 (1) (d) (ii), the Court concluded that
“the Legislature has limited a court’s authority to make sealed records available to a prosecutor after commencement of a criminal proceeding to the singular circumstance delineated in CPL 160.50 (1) (d) (i) — where the accused has moved for an adjournment in contemplation of dismissal in a case involving marijuana charges below felony grade, a benefit that an accused may obtain only once.” (Id. at 205.)
Applicability of Katherine B. to Marcus A.
This court has reviewed the official court minutes of the January 21, 2010 proceedings in Criminal Court, including the prosecutor’s CPL 160.50 (1) motion. At that proceeding, the People did not provide an explanation for their decision to move for dismissal of the pending actions. In their application to stay sealing, the People merely stated a need to access the materials in the files for a potential future criminal action. The presiding judge denied the People’s application and sealed both actions. This comports with the strong public policy in favor of sealing dismissed actions. As noted in Katherine B. (5 NY3d at 202): “The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused” (quoting Matter of Harper v Angiolillo, 89 NY2d 761, 766 [1977]). “That detriment to one’s reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions. The statute’s design is to lessen such consequences.” (5 NY3d at 202, quoting Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979].)
*674 Once docket No. 2009NY030245 was sealed, only a law enforcement agency in the course of an investigation could obtain unsealing under CPL 160.50 (1) (d) (ii). In this case, the prosecutor commenced a new criminal action against this defendant on the charge of criminal contempt in the second degree on February 25, 2010, prior to seeking an unsealing order in Supreme Court on March 16, 2010. Therefore, it cannot be said that the prosecutor’s office was acting as a law enforcement agency investigating whether a crime had been committed and/or whether to bring a criminal action against this defendant. In this case, it is manifest that the prosecutor was not acting within the statutory definition of a law enforcement agency under the rationale of Katherine B.
The Second Department followed Katherine B. in Matter of Akieba Mc. (72 AD3d 689 [2010]). There, the Court held that unsealing pursuant to CPL 160.50 (1) (d) (ii) was not available to a prosecutor for use in a pending prosecution. In Akieba Mc., the appellant received an adjournment in contemplation of dismissal and the records were sealed. The Nassau County District Attorney moved for unsealing pursuant to CPL 160.50 (1) (d) (ii). The prosecutor sought the sealed records for use in a criminal action then pending against two other individuals for charges arising out of the same incident which was the subject of the sealed case. The prosecutor indicated unsealing was necessary to obtain the appellant’s prior statements from the sealed case in the event she testified at the trial of the pending matter on behalf of the two remaining individuals. Family Court granted unsealing. The Second Department reversed, finding the prosecutor’s request did not fall within the “law enforcement agency exception” set forth in Katherine B.
This court finds little to distinguish the instant case from the facts before the Appellate Division in Akieba Me. In both cases, the prosecutor sought unsealing for use in a pending matter, albeit in Akieba Me., the pending action involved different individuals than the sealed proceeding. However, in neither Akieba Me. nor the current matter can it be said that the prosecutor was acting as a law enforcement agency within the meaning of Katherine B. at the time of the unsealing application. In this case, the alleged criminal conduct occurred more than six months prior to the unsealing request and after an unsuccessful motion to stay sealing in Criminal Court. Most importantly, the unsealing request was made after the defendant was arrested and arraigned on the new accusatory instrument.
*675 The unfortunate consequence is that the People are now precluded from obtaining access to the original temporary order of protection underlying the pending contempt charge.
This case demonstrates an ambiguity in the sealing statute which was not anticipated by the Legislature when it amended CPL 160.50 in 1977, but which is now evident in light of the Court of Appeals decision in Katherine B. v Cataldo.
Here, the result is that the prosecution cannot access materials that should reasonably be available for its use in the currently pending matter. However, this court is constrained by the strict reading of the statute within Katherine B. v Cataldo to grant the defendant’s motion to vacate its March 16, 2010 unsealing order.
It is noteworthy that the Legislature has sought to address this situation in a proposed amendment to CPL 160.50. In the 2009 legislative session, NY Senate Bill S4257 (NY Assembly Bill A7962), was introduced to add a new clause (vii) to CPL 160.50 (1) (d) which would allow a motion for unsealing to be made by “a party in a criminal proceeding if, on notice to the adverse party and the subject of the records, the moving party demonstrates to the satisfaction of the court that justice requires that the records be made available to it in connection with the criminal proceeding.”
The Senate Introducer’s Memorandum in Support of the proposed legislation states the amendment is necessitated by the Court of Appeals’ conclusion in Katherine B. v Cataldo that the CPL 160.50 (1) (d) (ii) exception to unsealing is available only to law enforcement agencies for investigatory purposes, and that such investigatory purposes terminate once a criminal proceeding has been commenced. That is not necessarily the case. Indeed, it is likely that many investigations continue, in some manner, even after an accusatory instrument has been filed. The amendment to CPL 160.50 would enable judges to balance a former defendant’s interest in keeping from public dissemination allegations underlying an unsuccessful or terminated prosecution against a prosecutor’s need for access to sealed materials to meet its burden of proof at the trial of a pending prosecution.
Conclusion
The defendant’s motion to vacate this court’s unsealing order, issued on March 16, 2010, is granted. The Clerk of Criminal Court is hereby ordered to reseal docket No. 2009NY030245. *676 The People are ordered to reseal their file, including all documents or other information obtained from such file during the period in which it was unsealed.