■ In the Matter of ALBANY COUNTY DISTRICT ATTORNEY's OFFICE, on Behalf of BARRETT TOWNSHIP POLICE et al., Respondent, v WILLIAM T., Appellant. [931 NYS2d 154]—

Mercure, J.P.

Respondent, an adult male, communicated on-line with investigators posing as underage girls on two occasions in 2001. He was charged with endangering the welfare of a child after attempting to meet the "children" for the purpose of committing lewd acts in front of them. The ensuing case was adjourned

in contemplation of dismissal, and ultimately dismissed, by the Colonie Town Court. As a result, the records of the case were sealed (*see* CPL 160.50 [1] [c]; [3]).

In 2009, respondent faced criminal charges in Pennsylvania after he engaged in lewd conduct in front of a "web cam" viewed by a police investigator posing as an underage girl on-line. County Court granted petitioner's ex parte application, made on behalf of the prosecutor and police department involved in the Pennsylvania case, to unseal the records from the prior case for use in the pending criminal proceedings. Respondent now appeals from his unsuccessful motion to vacate that order.*

We reverse. The sealing requirement of CPL 160.50 "was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused" (*Matter of Harper v Angiolillo*, 89 NY2d 761, 766 [1997]; *accord Matter of Katherine B. v Cataldo*, 5 NY3d 196, 202 [2005]). Those adverse consequences include potentially severe damage to an individual's reputation and employment prospects and, as such, there are only six narrow, precisely tailored exceptions "to the general proscription against releasing official records and papers once they are sealed" (*Matter of City of Elmira v Doe*, 39 AD3d 942, 943 [2007], *affd* 11 NY3d 799 [2008]; *see Matter of Katherine B. v Cataldo*, 5 NY3d at 202-203).

Here, petitioner relied upon an exception that permits a law enforcement agency to obtain the release of sealed records if "justice requires that such records be made available to it" (CPL 160.50 [1] [d] [ii]). The Court of Appeals has clarified, however, that "[t]he statute's . . . primary focus is the unsealing of records for investigatory purposes" and, as such, the exception is analogous to other investigatory tools employed to uncover criminal conduct *"prior* to commencement of a criminal proceeding" (*Matter of Katherine B. v Cataldo*, 5 NY3d at 205 [emphasis added]). Apart from a "singular circumstance" not present here, the exception does not apply to a prosecutor— such as the Pennsylvania district attorney prosecuting respondent's case—seeking sealed records "after commencement of a criminal proceeding" (*id.*; *see Matter of Akieba Mc.*, 72 AD3d 689, 690 [2010]; Preiser, 2005 Supp Practice Commentary, McKinney's Cons Laws of NY, Book 11A, CPL 160.50, 2011 Supp Pamphlet, at 125-126). A Pennsylvania police department also sought the records, but there is no indication that its "investiga-

---

* Following a jury trial at which some of the records were introduced into evidence, respondent was convicted of various offenses.

tion" was in any way separate—at the time of the request—from the pending prosecution. Indeed, the only reasons given for seeking the records were for their admission at trial, as well as to assist in respondent's sentencing and evaluation for sex offender registration purposes.

In short, petitioner's application thus impermissibly invoked CPL 160.50 (1) (d) (ii) for prosecutorial purposes, and respondent's motion to vacate should have been granted. Petitioner's alternate argument for affirmance, to the extent it is properly before us, has been examined and found to be unavailing.

Spain, Malone Jr., Kavanagh and McCarthy, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion granted, order dated June 29, 2010 vacated, and matter remitted to the County Court of Albany County for further proceedings not inconsistent with this Court's decision.