The People of the State of New York, Respondent,
against
Marcus Eley, Appellant. 




Appellate Advocates (Anders Nelson of counsel), for appellant.
Kings County District Attorney (Leonard Joblove, Jodi L. Mandel and Julian Joiris of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Rosemarie Montalbano, J.), rendered May 16, 2016. The judgment convicted defendant, upon his plea of guilty, of attempted assault in the third degree, and imposed sentence.




ORDERED that the judgment of conviction is reversed, on the law, the guilty plea is vacated and the fine, if paid, is remitted.
Defendant was charged in a felony complaint with multiple felonies, misdemeanors and violations. The counts were presented to the grand jury, which found probable cause to charge defendant only with assault in the third degree (Penal Law § 120.00 [1]) and theft of services (Penal Law § 155.25), and directed the District Attorney to file a prosecutor's information on those counts. The District Attorney complied with the grand jury's directive, filing the prosecutor's information with the Criminal Court on July 24, 2015 and serving it on defense counsel on July 27, 2015. 
On September 25, 2015, the prosecutor's information was dismissed by the Criminal Court, Kings County, on the People's motion, and the record was sealed pursuant to section [*2]160.50 of the Criminal Procedure Law. Approximately 5½ months later, and without any explanation for the length of the delay, the People moved in the Supreme Court, Kings County, to unseal and recalendar the matter pursuant to CPL 160.50 (1) (d) (ii), for purposes of continued prosecution of defendant. In an order dated May 16, 2016, the Supreme Court (Evelyn J. Laporte, J.) directed "that the Criminal Court papers contained within the docketed file . . . be unsealed and transferred to the custody of the Arraignment Clerk of the Criminal Court, . . . and subsequently that the . . . Prosecutor's Information . . . be set for arraignment in Criminal Court." The matter was unsealed and recalendared in Criminal Court, where, ultimately, on May 16, 2016, defendant pleaded guilty to attempted assault in the third degree (Penal Law §§ 110.00, 120.00 [1]) in satisfaction of the prosecutor's information, and sentence was imposed. 
"Upon the termination of a criminal action or proceeding against a person in favor of such person, . . . the record of such action or proceeding shall be sealed" (CPL 160.50 [1]). While we cannot review the propriety of the order of the Supreme Court (see 22 NYCRR 730.1 [b]) that unsealed and transferred this matter to the Criminal Court (but see generally Matter of Katherine B. v Cataldo, 5 NY3d 196 [2005]; Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128 [1993]; Matter of Albany County Dist. Attorney's Off. v William T., 88 AD3d 1133 [2011]; Matter of Akieba Mc., 72 AD3d 689 [2010]), we note that the unsealing by the Supreme Court of the papers contained within the docketed Criminal Court file did not, contrary to the Supreme Court's order, constitute a vacatur of the Criminal Court's dismissal of the prosecutor's information. The Supreme Court's order also could not re-confer jurisdiction upon the Criminal Court over defendant or the case. Consequently, the Criminal Court lacked the authority to arraign defendant or accept his guilty plea, because the still-dismissed prosecutor's information was not validly before that court.
Accordingly, the judgment of conviction is reversed and the guilty plea is vacated.[FN1]


PESCE, P.J., WESTON and SIEGAL, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk 

Decision Date: August 09, 2019



Footnotes

Footnote 1:This decision and order leaves open the issue of resealing this matter pursuant to CPL 160.50. We note that defendant, if he be so advised, may seek any remedy available to him in the proper forum.