Matter of Krystal N. (Juan R.) (2021 NY Slip Op 02476)





Matter of Krystal N. (Juan R.)


2021 NY Slip Op 02476


Decided on April 22, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 22, 2021

Before: Acosta, P.J., Renwick, Singh, Moulton, JJ. 


Docket No. NA-12901/16, NA-12902/16 Appeal No. 13647 Case No. 2020-00684 

[*1]In the Matter of Krystal N. and Another, Children Under Eighteen Years of Age, etc., Juan R., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Steven P. Forbes, Jamaica, for appellant.
James E. Johnson, Corporation Counsel, New York (Deborah E. Wassel of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Polixene Petrakopoulos of counsel), attorney for the child Krystal N.
Leslie S. Lowenstein, Woodmere, attorney for the child James R.



Order of fact-finding, Family Court, Bronx County (Gilbert A. Taylor, J.), entered on or about December 19, 2019, which determined, after a hearing, that respondent abused his stepdaughter and derivatively neglected his son, unanimously affirmed, without costs.
The Family Court properly concluded that the child's out-of-court statements were properly corroborated (Family Ct Act § 1046[a][vi]; Matter of Nicole V., 71 NY2d 112, 118-119 [1987]) by the testimony of her brother, the ACS's caseworker, and the 911 tape (see Matter of Samantha F. [Edwin F.], 169 AD3d 549, 549-550 [1st Dept 2019], lv dismissed 33 NY3d 1042 [2019]). Moreover, the court's abuse finding was not based on the fact that the child had repeated her allegations to multiple providers, but rather it concluded that it was the consistency, detail, and specificity of the statements over time that enhanced their reliability (see Matter of Naitalya B. [Melissa B.], 150 AD3d 441 [1st Dept 2017]).
We further conclude that the finding that respondent sexually abused his stepdaughter was sufficient to warrant a finding that his son was derivatively neglected. The evidence showed that respondent sexually abused his stepdaughter while his son was present in the home. This finding evidenced such an impaired level of judgment as to create a substantial risk of harm for any child in respondent's care (see Matter of Alexis W. [Efrain V.], 159 AD3d 547, 549 [1st Dept 2018]; Matter of Ashley M.V. [Victor V.], 106 AD3d 659, 660 [1st Dept 2013]).
Contrary to respondent's assertion, the Family Court properly declined to strike the 911 tapes from the record after his acquittal in Criminal Court because those records were not official recordings relating to respondent's arrest or prosecution and thus were not subject to the sealing statute (see Matter of Dockery v New York City Hous. Auth., 51 AD3d 575 [1st Dept 2008], lv denied 11 NY3d 704 [2008]).
Further, respondent failed to show that the Family Court's decision to deny his request to re-cross-examine a witness was an improvident exercise of discretion (see Matter of Andre N., 282 AD2d 273, 274 [1st Dept 2001], lv denied 96 NY2d 717 [2001]). Neither respondent's motions nor his statements on the record revealed the nature of information he was hoping to illicit from the witness on re-cross-examination. Furthermore, any assertion by respondent that he was prejudiced by the court's refusal to allow him to re-cross-examine the witness fails because the court repeatedly offered to sign a subpoena for respondent to call that witness on his direct case. Finally, respondent stated to the court that he did not wish to further adjourn the case to serve the witness with a subpoena and preferred for the case to end. Respeondent's strategic decision not to seek the witness's testimony, which was not the result of a prohibition by the Family Court, did not constitute a denial of due process (see Matter of Daniel P. [Noheme P.], 179 AD3d 436, 438 [1st Dept [*2]2020]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 22, 2021