Matter of Idris A. W. (Diadou W.) (2021 NY Slip Op 05804)





Matter of Idris A. W. (Diadou W.)


2021 NY Slip Op 05804


Decided on October 21, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 21, 2021

Before: Renwick, J.P., Kapnick, Scarpulla, Rodriguez, Higgitt, JJ. 


Docket No. NN-3905/18 NN-3906/18 Appeal No. 14441-14441A Case No. 2020-03170 

[*1]In the Matter of Idris A. W. and Another, Children Under the Age of Eighteen Years of Age, etc., Diadou W. Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent,


Larry S. Bachner, New York, for appellant 
Georgia M. Pestana, Corporation Counsel, New York (Jane L. Gordon of counsel), for respondent.
Law Office of Lewis S. Calderon, Jamaica (Lewis S. Calderon of counsel), attorney for the child, Idris A. W.
Dawne A. Mitchell, The Legal Aid Society, New York (John A. Newbery of counsel), attorney for the child, Malik T. W.



Order of disposition, Family Court, New York County (Clark V. Richardson, J.), entered on or about January 10, 2020, to the extent it brings up for review a fact-finding order, same court and Judge, entered on or about July 18, 2019, which found that respondent mother neglected her eldest son and derivatively neglected her younger son, unanimously affirmed, without costs. Appeal from fact-finding order unanimously dismissed, without costs, as subsumed in the appeal from the order of disposition.
A preponderance of the evidence supports the finding that respondent neglected her eldest son. The child's out-of-court statement was sufficiently corroborated by her younger son's out-of-court statements, submitted through the caseworker's and nonrespondent father's testimony, as well as hospital records (see Matter of Antonio S. 
[Antonio S., Sr.], 154 AD3d 420, 420 [1st Dept 2017]). There exists no basis for disturbing the court's credibility determinations (see Matter of Deivi R. [Marcos R.], 68 AD3d 498, 499 [1st Dept 2009]). The finding of derivative neglect of the younger child is supported by the evidence as to the older child.
Respondent's contention that her due process rights were violated is unpreserved because she never raised the issue in Family Court (see Matter of Tiffany A., 295 AD2d 288, 289 [1st Dept 2002]). In any event, respondent's strategic decision not to seek the older child's testimony was not the result of a prohibition by the court and did not constitute a denial of due process (see Matter of Krystal N. [Juan R.], 193 AD3d 602, 603 [1st Dept 2021], lv denied NY3d , 2021 NY Slip Op 71225 [2021]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 21, 2021