Matter of N.J. (S.H) (2024 NY Slip Op 24318)

[*1]

Matter of N.J. (S.H)

2024 NY Slip Op 24318

Decided on December 11, 2024

Family Court, Kings County

Hettleman, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on December 11, 2024
Family Court, Kings County

In the Matter of N.J., 
 A Child Under Eighteen Years of Age Alleged to Be Neglected by

S.H and F.D., Respondents.

Docket No. NN-XXXXX-24

New York City Administration for Children's Services
330 Jay Street, 12th Fl Brooklyn, New York 11201 By: Special Assistant Corporation Counsel Matthew McCarthy, Esq.  
Brooklyn Defender Services - Family Defense Practice Attorney for Respondent S.H. 177 Livingston St., 7th Fl
Brooklyn, NY 11201
By: Julian Montijo, Esq.
Ida Ivowi, Esq.
Attorney for Respondent F.D.
32 Court Street, Suite 904
Brooklyn, NY 11201
The Legal Aid Society — Juvenile Rights Division
Attorney for the Child Isaiah D.
111 Livingston St., 8th Fl
Brooklyn, New York 11201By: Dana Kesselman, Esq. 

Robert D. Hettleman, J.

I. INTRODUCTION
This written decision memorializes the oral decision I gave on the record during the trial in this case. For the reasons described below, I find that New York City Police Department ("NYPD") domestic incident reports ("DIRs") and videos taken from police officers' body-worn cameras ("BWCs") are not subject to the sealing provisions in NY Criminal Procedure Law ("CPL") §160.50(1)(c). When a criminal case ends in a manner favorably to the accused, the sealing of certain records is an important mechanism designed to promote fairness and eliminate the stigma of unproven allegations. In other contexts, however, these records frequently serve as crucial and admissible evidence — particularly in cases involving domestic violence and child welfare proceedings under Article 10 of the Family Court Act. Under the sealing statute and relevant caselaw, the balance of these competing concerns is a delicate one. However, I find that unless such materials are specifically required to be sealed by statute, they should not be precluded from being used in other forums to aid in the truth-seeking process and the administration of justice.
 II. PROCEDURAL HISTORY
The New York City Administration for Children's Services ("ACS") filed this Article 10 petition on April 16, 2024, alleging that the respondents — S.H. and F.D., the mother and stepfather of the child, respectively — neglected the then 16-year-old child by using excessive corporal punishment and/or assaulting her on April 14, 2024. Around that time, both respondents were arrested for the incident, and F.D. was also arrested for allegedly sexually assaulting the child on a different occasion. By the time the trial in this Family Court case began on August 19, 2024, the assault-related criminal charges had been dismissed against both respondents, but the sexual assault charges against F.D. remained pending in Criminal Court.
At the trial, ACS sought to introduce into evidence, among other things, various records from the NYPD, including DIRs, BWCs, and other reports. The defense objected to this evidence on the grounds that the materials should be sealed due to the dismissal of the criminal cases.[FN1]
After hearing arguments, I admitted portions of the records, including DIRs and BWCs, [*2]over objection. At the end of the trial, on October 28, 2024, I found that ACS had not proven neglect by a preponderance of the evidence, and this case was dismissed.

III. THE SEALING STATUTE
 A. CPL §160.50(1)(c) Provides Broad Protection for an Accused in Criminal Cases
CPL §160.50(1)(c) provides broad protections to a defendant when criminal proceedings are terminated in favor of an accused:
Upon the termination of a criminal action or proceeding against a person in favor of such person . . . all official records and papers, including judgments and orders of a court . . . relating to the arrest or prosecution, including all duplicates and copies thereof, on file with . . . any court [or] police agency . . . shall be sealed and not made available to any person or public or private agency.
CPL §160.50(1)(c). The Court of Appeals has emphasized the policy considerations that underscore CPL §160.50: avoiding the stigma and other consequences that result from a criminal prosecution. See Harper v. Angiolillo, 89 NY2d 761, 766 (1997) ("The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused"); Hynes v. Karassik, 47 NY2d 659, 662 (1979) ("The statute serves the laudable goal of ensuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation. That detriment to one's reputation and employment prospects often flows from merely having been subjected to criminal process has long been recognized as a serious and unfortunate by-product of even unsuccessful criminal prosecutions") (citation omitted).
B. Not All Materials Constitute "Official Records" that Must Be Sealed
At the same time, the Court of Appeals also recognized that not all documents or records constitute "official records . . . relating to the arrest or prosecution" under the CPL. "[T]he legislature has acknowledged the existence of countervailing considerations [c]onsequently, a former defendant's interest in preventing the disclosure is not absolute." Harper, 89 NY2d at 766-767. In analyzing the scope of the statute, the Court noted that "although CPL 160.50 specifies judgments and orders of a court as items 'included' in the category of official records and papers, the statute is otherwise silent on the nature of such 'official' material." Id. at 765-766 (citing the statute). Further, the statute's language "[supports] the conclusion that bright line rules are not wholly appropriate in this area. Indeed, such records and papers are not always subject to easy identification and may vary according to the circumstances of a particular case." Id. at 766 (citation omitted).
1. 911 Calls Have Been Found to Not Be Subject to Sealing
There is no direct appellate authority on whether DIRs or BWCs constitute "official records" within the scope of CPL §160.50(1)(c). However, in an analogous situation, the First Department upheld the admission of 911 recordings — where a related criminal case was dismissed — because they were not "official records relating to respondent's arrest or prosecution and thus were not subject to the sealing statute." Matter of Krystal N. (Juan R.), 193 AD3d 602, 602 (1st Dept.), lv. den. 37 NY3d 906 (2021). See also Matter of Dockery v. New York City Hous. Auth., 51 AD3d 575, 575 (1st Dept.), app. den. 11 NY3d 705 (2008) (holding 911 recordings not subject to sealing) (citing CPL §160.50 and Harper); Matter of Christal D.M. (Christopher D.M.), 63 Misc 3d 802, 804 (Fam. Ct., Kings Co., J. Pitchal, March 29, 2019) (citing Dockery).
The rationale underlying these decisions is that 911 calls are different from records that are specified in the statute, such as "judgments and orders of a court." Harper, 89 NY2d at 765-766. The 911 system serves a broader purpose than solely relating to criminal arrests or prosecutions: it is used for a variety of emergency calls and conditions. Accordingly, those calls should not be considered official records "relating to arrest or prosecution" for purposes of CPL §160.50, and they should be available for use and as evidence in other matters. Matter of Estrella G.-C. (Julio B.), 63 Misc 3d 1216(A) (Fam. Ct., Kings. Co., J. Pitchal, Apr. 12, 2019); Krystal N., 193 AD3d at 602; Dockery, 51 AD3d at 575; Christal D.M., 63 Misc 3d at 804.
2. Domestic Incident Reports (DIRs)
An analysis of the use and purposes of DIRs yields the same result. In Groves v. State Univ. of NY, 265 AD2d 141 (3rd Dept.), app. den. 95 NY2d 758 (2000), the Third Department reviewed the history and uses of DIRs and suggested that they are not automatically subject to sealing. 265 AD2d at 144-145 (although the Court did not specifically rule on sealing because that issue had not been pled, they held that DIRs serve functions other than arrest and prosecution). In an analogous situation, the Court of Appeals upheld the Third Department's determination that certain police department paperwork — property tags and logs about money seized from arrestees — are general business records and therefore "not official records subject to a CPL 160.50 seal." Matter of City of Elmira v. Doe, 11 NY3d 799, 800 (2008). Cf. Matter of New York Times Co. v. District Attorney of Kings County, 179 AD3d 115 (2nd Dept. 2019) (DA's Office investigative records are subject to sealing).
Applying these principles to the sealing of DIRs, at least one trial court found that DIRs should not be sealed. See People v. P.D., 78 Misc 3d 352 (Crim. Ct., Kings Co., J. Holderness, Jan. 5, 2023). In that case, Judge Holderness reviewed at length these same statutory and policy considerations and held that DIRs are not subject to the sealing statute, given their underlying purposes and uses beyond criminal arrest and prosecutions. Id. at 359.
I find People v. P.D. persuasive and hold that DIRs are analogous to 911 calls and other business records maintained by the NYPD and should not be sealed under the statute. Like 911 calls, DIRs serve many purposes in addition to potential use in arrests and criminal prosecution. As an initial matter, the creation of a DIR is not dependent on an arrest or a criminal prosecution. Rather, the CPL mandates that a DIR "shall be prepared and filed [regardless of] whether . . . an [*3]arrest is made." CPL §140.10(5). "Despite the fact that it was enacted twenty-nine years after the sealing statute, CPL §140.10(5) specifically requires that all DIRs 'be retained by the law enforcement agency for a period of not less than four years.'" People v. P.D., 78 Misc 3d at 356 (quoting statute) (emphasis added). The DIR form captures information that goes beyond arrest and prosecution, including an assessment of risk factors for the parties involved; concerns about the safety of family members, pets, and the suspect him/herself; contact information for hotlines related to child abuse, domestic violence, and sexual abuse; and various other data.
In conclusion, DIRs — like 911 calls — serve broader purposes than "arrest or prosecution," unlike arrest reports, criminal court complaints, DA's Office documents, and court orders in criminal cases. Therefore, they are not "official documents" covered by the sealing statute.[FN2]
Elmira v. Doe, 11 NY3d at 800.
3. Body-Worn Camera Recordings (BWCs)
Like 911 calls and DIRs, BWCs serve many purposes and record various types of information, well beyond situations of arrest and prosecution. According to the NYPD, BWCs are used to "record enforcement, investigative and other encounters between the police and the public. They provide a contemporaneous, objective record of these encounters, facilitate review of events by supervisors, foster accountability, and encourage lawful and respectful interactions between the public and the police." Body-Worn Cameras: What you need to know, New York City Police Department, https://www.nyc.gov/site/nypd/about/about-nypd/equipment-tech/body-worn-cameras.page. See also U.S. v. Garcia, 554 F. Supp. 3d 421, 430-431 (E.D.NY), app. dis'd. 2021 U.S.App. LEXIS 39655 (2nd Cir. 2021) (reviewing the nature and purposes of BWCs). Furthermore, the state law governing BWCs provides numerous circumstances where officers are required to record via their BWCs but that are not always related to criminal investigation and arrest. See 22 NY Executive Law §234.[FN3]

In Matter of Patrolmen's Benevolent Assn. of the City of NY v. de Blasio, 171 AD3d 636 (1st Dept. 2019), the First Department reviewed the "nature and use" of BWCs in determining whether they should be shielded from disclosure in an employment lawsuit. Ultimately, they held that because BWCs are created and used for a variety of purposes, they are general business records of the NYPD rather than specific "personnel records" that would otherwise be covered by confidentiality requirements of Civil Rights Law §50. 171 AD3d at 637-38. In an unpublished decision, a Family Court trial judge found that BWCs were not subject to the sealing statute, finding them to be "more akin to a business record" and not subject to sealing. Matter of ACS v. C.C., Dkt. NN-3285/24 (Fam. Ct., Kings Co., J. Gruebel, Jul. 16, 2024). See also Elmira v. Doe, 11 NY3d at 800.
I am persuaded by the rationale of these cases, and I find that, like 911 calls and DIRs, BWCs are not official records relating to "arrest or criminal prosecution" and are not subject to the sealing statute.[FN4]

D. The Criminal Cases in this Case
Finally, a few additional specifics in these cases are relevant and must be addressed. As described above, although the criminal cases against both respondents for the physical assault [*4]had been dismissed, F.D.'s criminal case for the alleged sexual assault of the child remained open at the time of this trial.
F.D.'s counsel argued that any references in the police records to the sexual abuse are not relevant to the allegations of physical assault, and thus, even if the sexual abuse prosecution remained open, any parts of the records relating to the physical assault should be sealed and inadmissible. As an initial matter, because of my holding that DIRs and BWCs are not subject to sealing at all, parsing through those types of materials is unnecessary.
With respect to other police reports that were admitted — such as complaint reports, follow-up reports and other documents — I find that those should not be sealed either, at least not yet. First, many of those records — individually, and together as a whole — referenced both sets of allegations: the physical and the sexual. Therefore, regardless of whether or not the criminal physical assault cases had been dismissed, these records were still related to the sexual assault allegations and thus would not yet have been subject to sealing.
Second, as noted in Harper, "such records and papers are not always subject to easy identification and may vary according to the circumstances of a particular case." Harper, 89 NY2d at 766. In this case, it would be difficult to cleanly separate the records relating to the physical assault allegations from those relating to the sexual assault allegations. Nevertheless, even if it were possible, I found that the portions relating to physical assault allegations might still be relevant and admissible with respect to the sexual abuse allegations in Criminal Court, and thus they should not yet be subject to sealing. For example, courts have held that other instances of violence between the accused and the complainant may be relevant to issues such as consent, forcible compulsion, and failure to immediately report the abuse. See e.g. People v. Baltimore, 301 AD2d 610 (2nd Dept.), app. den. 100 NY2d 592 (2003) (citing People v. George, 197 AD2d 588, 589 (2nd Dept. 1993) (prior acts of violence relevant to allegation of forcible compulsion); People v. Smith, 224 AD3d 1221 (4th Dept.), lv. den. 41 NY3d 985 (2024) (prior use of violence relevant to delay in reporting) (collecting cases). Further, prior statements of the child complainant are important discovery relating to the child's credibility and potentially could even be impeachment material about the child's motive to testify truthfully or falsely. Accordingly, even if the admissibility of these materials turned upon on whether they relate to the physical assault or the sexual assault, I find that all of the records are relevant to the still-pending sexual assault case, and therefore they should not yet be sealed.

IV. CONCLUSION
For the reasons described in this opinion, I find that CPL §160.50(1)(c) does not require sealing of DIRs and BWCs that may relate to an underlying criminal case that was dismissed and sealed. Accordingly, I permitted the admission of certain DIRs and BWCs at the trial in this case.
Dated: December 11, 2024
Kings County, NY
ENTER:
Hon. Robert Hettleman
New York State Family Court Judge
PURSUANT TO §1113 OF THE FAMILY COURT ACT, AN APPEAL MUST BE TAKEN WITHIN THIRTY (30) DAYS OF RECEIPT OF THE ORDER BY APPELLANT IN COURT, THIRTY-FIVE (35) DAYS FROM THE MAILING OF THE ORDER TO THE APPELLANT BY THE CLERK OF COURT, OR THIRTY-FIVE (30) DAYS AFTER SERVICE BY A PARTY OR ATTORNEY FOR THE CHILD UPON THE APPELLANT, WHICHEVER IS EARLIEST.

Footnotes

Footnote 1: The defense did not provide a copy of or any information about the dismissal or sealing orders from Criminal Court.

Footnote 2: Some cases in Criminal and Family Courts have held otherwise. See e.g. People v. Anonymous, 76 Misc 3d 1022, 1025 (Crim. Ct., Bronx Co., J. Licitra, Sep. 20, 2022); Matter of Joshua F. (Yvelino F.), 73 Misc 3d 209, 215 (Fam. Ct., Kings Co., J. Deane, Jun. 30, 2021). I respectfully disagree with those decisions.

Footnote 3: 22 NY Executive Law §234 states:
 
 
1. There is hereby created within the division of state police a New York state body-worn cameras program. The purpose of the program is to increase accountability and evidence for law enforcement
 
2. The division of state police shall provide body-worn cameras, to be worn by officers at all times, while on patrol. Such cameras shall record: 
 
(a) immediately before an officer exits a patrol vehicle to interact with a person or situation, even if there is a dash camera inside such vehicle which might also be recording the interaction; 
 
(b) all uses of force, including any physical aggression and use of a non-lethal or lethal weapon;
 
(c) all arrests and summonses;
(d) all interactions with people suspected of criminal activity;
 
(e) all searches of persons and property;
(f) any call to a crime in progress;
(g) investigative actions where there are interactions with members of the public;
 
(h) any interaction with an emotionally disturbed person; and
 
(i) any instances where officers feel any imminent danger or the need to document their time on duty.
 
3. The attorney general may investigate any instance where body cameras fail to record an event pursuant to this section. 

Footnote 4: In Matter of Joshua F. (Yvelino F.), 73 Misc 3d 209 (Fam. Ct., Kings Co., J. Deane, Jun. 30, 2021), my colleague Judge Deane ruled that BWCs should also be sealed in these situations. Again, I respectfully disagree.