OPINION OF THE COURT
Smith, J.
 The primary issue on this appeal is whether a former defendant in a criminal proceeding which terminated in his favor may obtain automatic access to all files relating to his arrest and prosecution from the Westchester County District Attorney’s office pursuant to CPL 160.50 (1) (d) through a CPLR article 78 proceeding for mandamus. Petitioner seeks to use these files in a Federal civil proceeding. We affirm the judgment of the Appellate Division because petitioner has failed to demonstrate a clear legal right to the material in possession of the District Attorney’s office. Moreover, in seeking the wholesale production of the District Attorney’s files from a Judge sitting in the Criminal Term of County Court, petitioner has presented his request for relief to an inappropriate forum.
A Grand Jury in Westchester County indicted petitioner for aiding and abetting and acting in concert with another in committing the crimes of robbery in the second degree, grand larceny in the fourth degree and assault in the second degree. In March 1994, after reviewing the Grand Jury minutes, *764 County Court dismissed the indictment due to insufficient evidence of accessorial liability. County Court also denied the People leave to re-present the case to another Grand Jury. The criminal proceeding terminated in petitioner’s favor upon entry of the County Court order (see, CPL 160.50 [3] [b]) and the record of the proceeding was sealed pursuant to CPL 160.50.
Petitioner thereafter commenced a civil action in Federal Court against the City of White Plains and members of the White Plains Police Department for damages arising out of his arrest and prosecution. During discovery, petitioner served a subpoena on the Westchester County District Attorney’s office to inspect and copy the records pertaining to his criminal prosecution. When the District Attorney refused to comply with the subpoena, petitioner filed a motion pursuant to CPL 160.50 in the Criminal Term of Westchester County Court seeking "[a]ll records and papers of the Office of the Westchester County District Attorney’s office [szc] relating to [petitioner’s] arrest and prosecution.” Petitioner also sought an order requiring the production of the Grand Jury minutes. The motion bore the caption and indictment number of petitioner’s terminated criminal proceeding.
County Court denied the motion in its entirety. Petitioner thereafter commenced this CPLR article 78 proceeding at the Appellate Division by order to show cause to compel the unsealing and production of the District Attorney’s files and to vacate the County Court order. The article 78 petition alleged that the District Attorney’s office had violated CPL 160.50 by refusing to make the files in its custody available to the petitioner. The petition urged the Appellate Division to order the District Attorney to "unseal her files from the criminal case against Petitioner and to provide Petitioner with full access for inspection and copying.” The petition further alleged that County Court had erred in denying petitioner’s motion for access to the files. The Appellate Division dismissed the proceeding on the ground that petitioner had failed to justify the "extraordinary remedy of mandamus” (229 AD2d 495). We granted petitioner leave to appeal.
CPL 160.50 provides that upon the "termination of a criminal action or proceeding against a person in favor of such person,” and where the interests of justice do not require otherwise, "the record of such action or proceeding shall be sealed” (CPL 160.50 [1]). The statute further requires that *765 Petitioner, who has abandoned his claim to the Grand Jury minutes, contends that CPL 160.50 grants him "unconditional” access to the files held by the District Attorney’s office.
*764 "(c) all official records and papers, including judg *765 ments and orders of a court but not including published court decisions or opinions or records and briefs on appeal, relating to the arrest or prosecution, including all duplicates and copies thereof, on file with the division of criminal justice services, any court, police agency, or prosecutor’s office shall be sealed and not made available to any person or public or private agency; and
"(d) such records shall be made available to the person accused or to such person’s designated agent”.
The nature of our review on this appeal is circumscribed by the form of action brought by the petitioner — an article 78 proceeding in the nature of mandamus to compel. "Mandamus, of course, is an extraordinary remedy that, by definition, is available only in limited circumstances” (Klostermann v Cuomo, 61 NY2d 525, 537). Indeed, "[m]andamus lies to compel the performance of a purely ministerial act where there is a clear legal right to the relief sought” (Matter of Legal Aid Socy. v Scheinman, 53 NY2d 12, 16).
As stated in the article 78 petition, petitioner seeks (1) vacatur of the County Court order denying his motion for "all” records and papers of the District Attorney’s office pertaining to his arrest and prosecution, and (2) an order directing the Westchester County District Attorney to unseal the relevant files and provide petitioner with "full access” for inspection and copying. We must determine whether petitioner has demonstrated a clear legal right to this relief.
In demanding free and unlimited access to the entirety of the District Attorney’s files, petitioner equates every item in those files with the "official records and papers” referred to in CPL 160.50 (1) (c). Thus, in seeking to cast his claim for relief here as a clear legal right, petitioner argues that CPL 160.50 (1) (d) imposes a bright line rule requiring the disclosure of everything contained in a prosecutor’s files. Such a conclusion is contradicted by the plain language of the statute which limits the accused’s access to all official records and papers, rather than permitting free access to any and all records and papers, without limitation.
Moreover, although CPL 160.50 specifies judgments and orders of a court as items "included” in the category of official *766 records and papers, the statute is otherwise silent on the nature of such "official” material (see, CPL 160.50 [1] [c]) further supporting the conclusion that bright line rules are not wholly appropriate in this area. Indeed, such records and papers are not always subject to easy identification and may vary according to the circumstances of a particular case (Matter of Dondi, 63 NY2d 331, 337).
Thus, in Matter of Dondi, we held that "on the facts of this case” certain "testimonial evidence” consisting of an incriminatory tape recording constituted an official record subject to CPL 160.50 (1) (c) (id., at 337-338). However, in Matter of Hynes v Karassik (47 NY2d 659, 661-662) we affirmed the Appellate Division’s determination that "two tape recordings introduced into evidence at the criminal trial were not within the definition of 'official records and papers’ protected by the sealing statute (CPL 160.50, subd 1, par [c]).” Consequently, while some recordings may qualify as an official record under certain circumstances, not all tape recordings will qualify as an official record in every case.
Moreover, former defendants are not automatically ensured access to every record or paper sealed pursuant to CPL 160.50 (1) (c). The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused (see, Governor’s Approval Mem, 1976 NY Legis Ann, at 408, 409 ["This legislation is consistent with the presumption of innocence, which simply means that no individual should suffer adverse consequences merely on the basis of an accusation, unless the charges were ultimately sustained in a court of law”]). As we have previously noted, a person’s reputation and employment prospects may be adversely affected even from an unsuccessful criminal prosecution (Matter of Hynes v Karassik, 47 NY2d, at 662, supra). Consequently, the ambit of the sealing requirement is broad and includes proceedings terminated by virtue of dismissals and vacaturs, on grounds unrelated to guilt or innocence, so that a former accused may pursue employment, education, professional licensing and insurance opportunities untainted by the stigma of a criminal prosecution (see, CPL 160.50 [2]; People v Patterson, 78 NY2d 711, 716).
Notwithstanding these concerns, the Legislature has acknowledged the existence of countervailing considerations to the sealing of such records and papers. Thus, CPL 160.50 contains "narrowly defined exceptions” which authorize the *767 disclosure of sealed materials, under certain circumstances, to a limited group of third parties (Matter of Hynes v Karassik, 47 NY2d, at 663, supra).[1] Consequently, a former defendant’s interest in preventing the disclosure of official records and papers in a favorably terminated proceeding is not absolute. Similarly, a former defendant does not have an absolute right to the disclosure of materials sealed pursuant to CPL 160.50.
The Legislature, by enacting specific legislation designed to avoid the pitfalls of providing untrammeled access to law enforcement records, has already recognized that a defendant’s interest in such records may be outweighed by competing policy considerations. For example, records compiled for law enforcement purposes may not be subject to disclosure where disclosure would interfere with law enforcement investigations or judicial proceedings, deprive a person of a right to a fair trial, identify a confidential source, reveal nonroutine investigative techniques or procedures, endanger the life or safety of any person, or interfere with statutory exemptions and privileges (see, e.g., Public Officers Law § 87 [2]; CPLR 3101 [b], [c]).[2] These countervailing considerations to the wholesale disclosure of law enforcement records are not obviated merely because a criminal prosecution has terminated in favor of a defendant.
In sum, CPL 160.50 balances the rights of a former defendant to restrict and obtain access to official records and papers in favorably terminated criminal proceedings, against the interests of various law enforcement agencies and representatives in the same materials. The statute strikes the balance by requiring sealing in a wide variety of contexts and providing for the disclosure of sealed files in only limited circumstances. The primary purpose of averting adverse consequences to the accused in unsuccessful criminal prosecutions, implemented by the broad sealing requirement, does not require the wholesale production of law enforcement files to a former accused.
Given the absence of a clear and unequivocal expression of intent from the Legislature to dispense with existing limita *768 tions on the ability of a former defendant to obtain unrestrained access to law enforcement records, petitioner here has failed to demonstrate a clear legal right to the records he seeks. We therefore reject petitioner’s contention that he is entitled to every item in the files held by the District Attorney’s office as a matter of law. As petitioner has failed to demonstrate a clear legal right to the relief sought, mandamus is not appropriate, and the Appellate Division properly dismissed the proceeding.
Since the merits of County Court’s order are not before us, we do not determine any issue relating to the specific application of CPL 160.50 to the circumstances of this case. By bringing his motion in the Criminal Term of County Court, instead of within the context of a civil action, petitioner apparently foreclosed a direct appeal of County Court’s order, as no statutory authority for such an appeal appears to exist (see, Matter of Hynes v Karassik, 47 NY2d 659, 661, n 1, supra).
Accordingly, the judgment of the Appellate Division should be affirmed, without costs.
Chief Judge Kaye and Judges Titone, Bellacosa, Levine, Ciparick and Wesley concur.
Judgment affirmed, without costs.

. Such third parties include certain categories of prosecutors and law enforcement agencies, persons or agencies with responsibility for issuing gun licenses, the New York State Division of Parole and the probation department in certain circumstances, and prospective employers of police or peace officers (CPL 160.50 [1] [d]).

. Even defendants involved in criminal proceedings, where the liberty interests at stake are more significant than in civil proceedings, are not entitled to every record or paper in the possession of law enforcement agencies (see, CPL art 240).