■ In the Matter of JAMES M. CATTERSON, JR., as District Attorney of Suffolk County, Petitioner, v ANTHONY R. CORSO, as Judge of County Court, Suffolk County, et al., Respondents. [664 NYS2d 67] —Proceeding pursuant to CPLR article 78 to prohibit the enforcement of so much of an order of the County Court, Suffolk County (Corso, J.), dated April 14, 1997, as, upon the granting of the petitioner's motion for reargument, directed the petitioner to destroy all audio and videocassette tapes relating to a criminal prosecution of the respondent Scott Carroll under Suffolk County Indictment No. 373-87.

Adjudged that the petition is granted without costs or disbursements, and the respondents the Honorable Anthony R. Corso and Scott Carroll are prohibited from enforcing the provision of the order dated April 14, 1997, which directed the petitioner to destroy all audio and videocassette tapes relating to a criminal prosecution of the respondent Scott Carroll.

After Suffolk County Indictment No. 373-87 against the respondent Scott Carroll was dismissed, Carroll requested that the Suffolk County District Attorney (hereinafter the petitioner) return to him, pursuant to CPL 160.50, *inter alia,* all audio and videocassette tapes made in connection with the criminal action. By order dated December 10, 1996, the court directed the petitioner, *inter alia,* to return the audio and videocassette tapes to Mr. Carroll. The petitioner moved for reargument to the extent that the order dated December 10, 1996, directed him to return the audio and videocassette tapes to Carroll. By order dated April 14, 1997, the court directed the petitioner to destroy all of the audio and videocassette tapes in his possession.

The petitioner then commenced this proceeding pursuant to CPLR article 78 to enjoin Justice Corso and Scott Carroll from enforcing the order. The petitioner contends that Justice Corso acted in excess of his authorized powers in directing that the petitioner destroy the subject tapes.

CPL 160.50 (1) (a) provides that upon termination of a criminal action in favor of the accused, "every photograph of such person and photographic plate or proof, and all palmprints and fingerprints taken" shall, at the discretion of the recipient agency, either be destroyed or returned to the defendant. CPL 160.50 (1) (c) provides that all "official records and papers"

shall be sealed. The subject tapes fall within the scope of "official records and papers" and were therefore properly sealed pursuant to the statute (see, Matter of Dondi, 63 NY2d 331, 337-338; cf., Matter of Hynes v Karassik, 47 NY2d 659, 662; Matter of Harper v Angiolillo, 89 NY2d 761, 766). Since the subject tapes are not photographs, palmprints, or fingerprints taken at the time of arrest, there is no authority in the Criminal Procedure Law for the court to direct the petitioner to destroy such tapes. Accordingly, Justice Corso exceeded his authority.

In this case, because the petitioner has established a clear legal right to prohibition and has no other adequate remedy (see, CPL 450.20; Matter of Catterson v Rohl, 202 AD2d 420, 424), we exercise our discretion and grant the petition. Thompson, J. P., Pizzuto, Santucci and Joy, JJ., concur.