■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS TORRES, Appellant. [738 NYS2d 312] —Judgment, Supreme Court, Bronx County (Denis Boyle, J.), rendered April

19, 2000, convicting defendant, after a jury trial, of robbery in the first degree and attempted robbery in the first degree, and sentencing him to concurrent terms of 6 to 12 years and 4 to 8 years, respectively, unanimously affirmed.

A photograph of defendant taken in connection with an unrelated arrest that had been sealed pursuant to CPL 160.50 was properly received in evidence. The photograph, which was redacted to conceal its origin from the jury, was relevant to an issue that arose during trial concerning defendant's appearance. Defendant's principal argument is that the photograph was inadmissible because it was retained in violation of CPL 160.50 (1) (a). However, *People v Patterson* (78 NY2d 711) is dispositive of this argument. In *Patterson*, the Court of Appeals held that "the violation of a statute may warrant imposing the sanction of suppression [but] * * * only where a constitutionally protected right was implicated" (at 717), and that CPL 160.50 did not implicate a constitutionally protected right (*see also, Matter of Charles Q. v Constantine*, 85 NY2d 571). Defendant seeks to distinguish *Patterson* on the ground that in that case the offending photograph was used to obtain an identification whereas in the instant case it was received as evidence of guilt. However, there is no basis for such a distinction. Evidence obtained as the result of a statutory violation lacking constitutional implications has long been held admissible as evidence of guilt (*see, e.g., People v Sampson*, 73 NY2d 908; *People v Harris*, 48 NY2d 208, 216; *People v Walls*, 35 NY2d 419, *cert denied sub nom. Junco v New York*, 421 US 951). Furthermore, there is no basis for imposing a condition of advance notice upon the admissibility of sealed photographs. Disclosure of photographs is governed by CPL 240.20 (1) (d) and there was no violation of that statute in this case.

Finally, defendant argues that the photograph was insufficiently authenticated with respect to whether it depicted defendant's appearance within the relevant time frame. However, we find that the authentication testimony was sufficient and that any discrepancies went to the photograph's weight, not its admissibility.

We have considered and rejected defendant's remaining arguments. Concur—Sullivan, J.P., Rosenberger, Rubin, Friedman and Marlow, JJ.