■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN VEGA, Appellant. [983 NYS2d 30]—

Judgment, Supreme Court, Bronx County (John S. Moore, J., at dismissal and severance motions; David Stadtmauer, J., at jury trial and sentencing), rendered May 19, 2008, convicting defendant of rape in the first degree, and sentencing him, as a second felony offender, to a term of 12 years, unanimously affirmed.

The motion and trial courts properly exercised their respective discretion in denying defendant's motion to sever counts charging two unrelated rapes. The counts were properly joined as "similar in law" pursuant to CPL 200.20 (2) (c), and defendant did not make a sufficient showing to warrant a discretionary severance (*see* CPL 200.20 [3]; *People v Lane*, 56 NY2d 1, 8 [1982]; *People v Streitferdt*, 169 AD2d 171, 176 [1991], *lv denied* 78 NY2d 1015 [1991]). Furthermore, the fact that the jury convicted defendant of only one of the rapes and failed to reach a verdict on the other suggests that the jury was able to separate the two cases. Defendant's assertion that the presence of two rape counts nevertheless influenced his conviction of one of them is speculative.

The trial court properly exercised its discretion in making an advance ruling that, if defendant testified as to certain matters, he would open the door to his impeachment by way of inconsistent statements he made in connection with one or more prior arrests. Defendant, who ultimately chose not to testify, claims that the prior inconsistent statements were improperly derived from records of his prior cases that had been sealed pursuant to CPL 160.50. However, the record does not establish that the specific impeachment material at issue had actually been sealed. In any event, sealing would not have necessarily rendered this evidence inadmissible (*see People v Patterson*, 78 NY2d 711, 716-718 [1991]; *People v Torres*, 291 AD2d 273 [2002], *lv denied* 98 NY2d 681 [2002]). The record also fails to support defendant's argument that the proposed impeachment would have been unduly prejudicial.

The court properly denied defendant's motion to dismiss the indictment as time-barred. The applicable five-year statute of limitations was tolled pursuant to CPL 30.10 (4) (a) (ii) because defendant's identity and whereabouts were unknown and were unascertainable by the exercise of reasonable diligence (*see People v Seda*, 93 NY2d 307 [1999]; *People v Rolle*, 59 AD3d 169

[2009], *lv denied* 12 NY3d 920 [2009]). The police exhausted reasonable investigative steps, and were not required to take clearly futile measures simply to establish their futility.

The constitutional aspects of the above-discussed claims are unpreserved (*see e.g. People v Lane*, 7 NY3d 888, 889 [2006]; *People v Green*, 27 AD3d 231, 233 [2006], *lv denied* 6 NY3d 894 [2006]), and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits.

We perceive no basis for reducing the sentence. Concur—Tom, J.P., Acosta, Saxe, DeGrasse and Freedman, JJ.