■ In the Matter of ELIJAH P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWIGHT J., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of SAPPHIRE P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWIGHT J., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of KAYLA C. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWIGHT J., Appellant, et al., Respondent. (Proceeding No. 3.) In the Matter of AMOREE K. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWIGHT J., Appellant, et al., Respondent. (Proceeding No. 4.) In the Matter of PIOUS P. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DWIGHT J., Appellant, et al., Respondent. (Proceeding No. 5.) [9 NYS3d 143]—

Appeal from an order of fact-finding and disposition of the Family Court, Kings County (Amanda E. White, J.), dated March 27, 2014. The order of fact-finding and disposition,

insofar as appealed from, after a fact-finding hearing, found that the appellant abused the child Sapphire P. and derivatively abused the children Pious P., Amoree K., Elijah P., and Kayla C., and released all of the subject children to the custody of their mother.

Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.

After a fact-finding hearing, the Family Court found that the appellant abused the child Sapphire P., and derivatively abused the children Pious P., Amoree K., Elijah P., and Kayla C. A criminal complaint against the appellant based on some of the same underlying facts had been dismissed on speedy trial grounds.

At the fact-finding hearing, the appellant attempted to introduce the criminal complaint into evidence, contending that the complaint would reveal that Sapphire P. had made certain prior inconsistent statements to a police detective. Since the criminal complaint was part of a sealed record, the Family Court refused to admit it into evidence. As the appellant correctly contends, it was error for the Family Court to exclude the criminal complaint on this ground (*see* CPL 160.50 [1] [d]; *People v Vega*, 116 AD3d 454, 455 [2014]). Nevertheless, the error was harmless, as the appellant was able to enter into evidence a portion of the petitioner's case record, which contained a summary of Sapphire P.'s interview with the police detective, including the inconsistent statements identified by the appellant (*see* CPLR 2002; *Matter of Delehia J. [Tameka J.]*, 93 AD3d 668, 670 [2012]; *Matter of Stephanie R.*, 21 AD3d 417, 417-418 [2005]; *Matter of Christopher L.*, 19 AD3d 597, 598 [2005]).

The Family Court's finding that the appellant abused Sapphire P. and derivatively abused the remaining children by subjecting Sapphire P. to sexual contact was supported by a preponderance of the evidence (*see* Family Ct Act §§ 1012 [e] [iii]; 1046 [b] [i]; Penal Law §§ 130.00 [3]; 130.60 [2]; *Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d 809, 810-811 [2014]; *Matter of Joshua P. [David J.]*, 111 AD3d 836, 837-838 [2013]; *Matter of Lauryn H. [William A.]*, 73 AD3d 1175, 1176-1177 [2010]). Any inconsistencies in Sapphire P.'s testimony were insufficient to render the whole of her testimony unworthy of belief (*see Matter of Amparo B.T. [Carlos B.E.]*, 118 AD3d at 811; *Matter of Lauryn H. [William A.]*, 73 AD3d at 1177; *Matter of Jasmine A.*, 18 AD3d 546, 548 [2005]). Skelos, J.P., Dickerson, Miller and Hinds-Radix, JJ., concur.