**Gonen v New York City Police Dept.**

2024 NY Slip Op 30371(U)

January 31, 2024

Supreme Court, New York County

Docket Number: Index No. 159794/2023

Judge: Arlene P. Bluth

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| **PRESENT:**   **HON. ARLENE P. BLUTH** | **PART**                    **14** |

*Justice*

-----------------------------------------------------------------------------X

YOAV GONEN, THE CITY REPORT, INC.

Petitioners,

- v -

NEW YORK CITY POLICE DEPARTMENT,

Respondent.

-----------------------------------------------------------------------------X

| | |
|---|---|
| **INDEX NO.** | 159794/2023 |
| **MOTION DATE** | 01/30/2024 |
| **MOTION SEQ. NO.** | 001 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 1- 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 30

were read on this motion to/for                          ARTICLE 78 FOIL                          .

The following e-filed documents, listed by NYSCEF document number (Motion 002) 25, 26, 27, 28, 29

were read on this motion to/for                          CONFERENCE                          .

Motion Sequence Numbers 001 and 002 are consolidated for disposition. Respondent's

cross-motion (MS001) to dismiss the petition, which seeks records pursuant to a Freedom of

Information Law ("FOIL") request, is denied.  Petitioners' motion (MS002) for a status

conference is denied.

**Background**

This special proceeding concerns a FOIL request for a specific Internal Affairs Bureau

("IAB") file (NYSCEF Doc. No. 2).  Petitioners observe that this IAB file relates to an incident

involving a retired police officer.  They contend that this retired officer brandished a weapon at

three boys and, after he was subsequently arrested, a police chief voided that arrest.  Petitioners

allege that IAB found that no misconduct was committed by this police chief but the Civilian

Complaint Review Board ("CCRB") conducted its own investigation and recommended that the

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**                          **Page 1 of 6**
  **Motion No.  001 002**

1 of 6

police chief get docked up to 10 vacation days. Petitioners insist that the then-police commissioner upheld this penalty and the police chief is currently challenging this determination in an administrative trial.

Petitioners observe that in 2023, the Brooklyn District Attorney's Office released numerous videos about the arrest of the former officer and the voiding of the arrest a few hours later.

Respondent denied petitioners' FOIL request "on the basis of Public Officers Law Section 87(2)(b) as such information, if disclosed, would constitute an unwarranted invasion of personal privacy" (NYSCEF Doc. No. 4). Respondent then denied petitioners' appeal and noted that "the records responsive to your request are specifically exempted by state or federal statute [§87(2)(a)] in that they have been SEALED pursuant to New York Criminal Procedure Law §160.50" (NYSCEF Doc. No. 6). Respondent also insisted that all associated records are exempt from disclosure and releasing these records would interfere with a law enforcement investigation (the internal investigation) (*id.*).

Respondent cross-moves to dismiss the petition. It acknowledges that it found a responsive record—the entire investigation file, which consists of a four-page report and two attachments. The first attachment is an eight-minute, forty-four second audio recording and the second is a two-page 911 report. It claims that these records are barred from release because they are sealed under CPL 160.50 and due to privacy concerns.

Respondent argues that the specific IAB case number requested by petitioners concerns the investigation into the former police officer and so all of the details relate to an arrest that has now been sealed. It insists that contrary to petitioners' arguments, this IAB file does not relate to the allege misconduct of the police chief.

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**
**Motion No.  001 002**

**Page 2 of 6**

2 of 6

In reply, petitioners argue that CPLR 160.50 does not apply in FOIL proceedings and is only relevant to a criminal action or proceeding. They argue it has no relevance in a disciplinary action involving a police officer. Petitioners blame respondent for not seeking clarification about the scope of the request or notifying petitioners about its concerns.

**Discussion**

"To promote open government and public accountability, FOIL imposes a broad duty on government agencies to make their records available to the public. The statute is based on the policy that the public is vested with an inherent right to know and that official secrecy is anathematic to our form of government. Consistent with the legislative declaration in Public Officers Law § 84, FOIL is liberally construed and its statutory exemptions narrowly interpreted. All records are presumptively available for public inspection and copying, unless the agency satisfies its burden of demonstrating that the material requested falls squarely within the ambit of one of the statutory exemptions. While FOIL exemptions are to be narrowly read, they must of course be given their natural and obvious meaning where such interpretation is consistent with the legislative intent and with the general purpose and manifest policy underlying FOIL" (*Abdur-Rashid v New York City Police Dept.*, 31 NY3d 217, 224-25, 76 NYS3d 460 [2018] [internal quotations and citation omitted]).

The Court's central focus in this opinion is the interaction between CPL 160.50 and FOIL. Respondent argues in support of its cross-motion to dismiss that this criminal statute—which provides that certain records are sealed upon the termination of a criminal action in favor of the accused—justifies its denial of the FOIL request. However, respondent did not cite a single case that holds that CPL 160.50 can be used to shield an entire IAB file from a FOIL request. There is no question that the IAB file in question relates to the voided arrest of a former

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**          **Page 3 of 6**
**Motion No.  001 002**

[* 3]

3 of 6

officer, but respondent did not meet its burden on a motion to dismiss to demonstrate that the reach of this statute applies to a file created for an internal investigation within the police department.

"In sealing the records of a prosecution that terminated in favor of the accused, the instant statute serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his having once been the object of an unsustained accusation" (William C. Donnino, Prac Commentaries, CPL 160.50). "CPL 160.50 does not define what constitutes an official record relating to an arrest or prosecution, and the Court of Appeals has held that bright line rules are not wholly appropriate in this area" (*New York Times Co. v Dist. Attorney of Kings County*, 179 AD3d 115, 123, 111 NYS3d 691 [2d Dept 2019] [finding that the Kings County District Attorney's Office Conviction Review Unit's reports relating to the arrest and prosecution of individuals whose convictions were later vacated were shielded from FOIL under CPL 160.50]). "Indeed, such records and papers are not always subject to easy identification and may vary according to the circumstances of a particular case" (*Matter of Harper v Angiolillo*, 89 NY2d 761, 766, 658 NYS2d 229 [1997]).

Here, petitioners do not seek arrest records or files, they seek an *IAB* file. The fact is that respondent decided that the circumstances at issue here merited an internal investigation and the IAB file, on its face, relates primarily to that investigation, not to the arrest or prosecution of the former officer. That compels the Court to deny the cross-motion on this basis as respondent did not meet its burden on a cross-motion to dismiss.

Respondent's next objection is that turning over these records would constitute an unwarranted invasion of privacy under Public Officers Law §§ 87(2)(b) and 89(2)(B). It points out that information in the file contains witnesses' names, home addresses, dates of birth and cell

**159794/2023  GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**
**Motion No.  001 002**

**Page 4 of 6**

4 of 6

phone numbers as well as this same information for the former officer who was arrested. Petitioners explain in reply that they "consent to the redaction of witnesses' names, home addresses, dates of birth, and cell phone numbers and to redactions to similar information concerning the sealed arrestee." In this Court's view, utilizing redactions satisfies any concerns about privacy (*New York Civ. Liberties Union v New York City Dept. of Correction*, 213 AD3d 530, 531 [1st Dept 2023], lv to appeal denied, 2024 NY Slip Op 60397 [2024] [noting that using redactions can prevent the unwarranted invasion of personal privacy]). Accordingly, this is also not a basis to grant a cross-motion to dismiss.

**MS002**

The Court denies petitioners' request for a "status conference." As an initial matter, the notice of motion did not cite a CPLR section upon which this relief is based (*see* CPLR 2214[a] [requiring that a notice of motion state the grounds for relief]). And this is a special proceeding, which means that discovery is generally not permitted (*see* CPLR 408). Petitioners' claim that they want to "address the scope of the FOIL request" is not a proper demand in a special proceeding. This Court's role in a FOIL proceeding is to evaluate the respondent's determination concerning the request at issue, not to explore petitioners' possible request for additional records. As respondent correctly pointed out in opposition to this motion, to the extent that petitioners demand records outside the scope of the subject FOIL request, they must file a new request.

**Summary**

The reach of the Court's decision is limited. The Court merely finds that respondent did satisfy its burden on a cross-motion to dismiss and must answer. Respondent's cited justifications for not turning over the records in question do not compel the Court to dismiss the

**159794/2023   GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT
Motion No.  001 002**

**Page 5 of 6**

5 of 6

proceeding at this stage. Its citation to a criminal procedure law provision about sealing arrest records was not accompanied by any case law that shows it applies to IAB files. And the issue of personal privacy is easily addressed with redactions.

Respondent is directed to answer on or before February 29, 2024 and petitioners shall reply, if desired, on or before March 12, 2024. The Court sets a new return date for this MS001 (as respondent only filed a cross-motion, not a separate motion) for March 13, 2024.

Accordingly, it is hereby

ORDERED that respondent's cross-motion to dismiss is denied and it shall answer on or before February 29, 2024; and it is further

ORDERED that petitioners shall reply, if they wish, on or before March 12, 2024 and the new return date for MS001 shall be March 13, 2024; and it is further

ORDERED that petitioners' motion (MS002) for a status conference is denied.

| 1/31/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **ARLENE P. BLUTH, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | | |
| | ☐ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☒ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE | |

**159794/2023 GONEN, YOAV ET AL vs. NEW YORK CITY POLICE DEPARTMENT**
**Motion No. 001 002**

Page 6 of 6

6 of 6

[* 6]