People v Isaacs (2025 NY Slip Op 01818)

People v Isaacs

2025 NY Slip Op 01818

Decided on March 26, 2025

Appellate Division, Second Department

Mccormack, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 26, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
LINDA CHRISTOPHER
JANICE A. TAYLOR
JAMES P. MCCORMACK, JJ.

2023-02654
 (Ind. No. 5873/16)

[*1]The People of the State of New York, plaintiff, 
v
Wayne Isaacs, appellant; New York City Civilian Complaint Review Board, nonparty-respondent.

APPEAL by the defendant from an order of the Supreme Court (Danny K. Chun, J.), entered March 8, 2023, in Kings County, which granted the motion of nonparty New York City Civilian Complaint Review Board to unseal the record of this criminal action.

Worth, London & Martinez, LLP, New York, NY (Stuart Gold of counsel), for appellant.
Muriel Goode-Trufant, Corporation Counsel, New York, NY (Claude S. Platton and Hannah J. Sarokin of counsel), for nonparty-respondent.

MCCORMACK, J.

OPINION & ORDER
On this appeal, we are called upon to decide whether nonparty New York City Civilian Complaint Review Board (hereinafter the CCRB) should be granted access to the sealed criminal record of the defendant pursuant to CPL 160.50. We conclude that it should not.
I. Relevant Facts
The CCRB was established by the New York City Charter "as a body comprised solely of members of the public with the authority to investigate allegations of police misconduct" (NY City Charter § 440[a]). It has "the power to receive, investigate, hear, make findings and recommend action upon complaints by members of the public or complaints initiated by the [CCRB] against members of the police department that allege misconduct," including "excessive use of force" (id. § 440[c][1]). Following an investigation, the CCRB's Administrative Prosecution Unit may, under a delegation of authority from the New York City Police Department (hereinafter the NYPD), prosecute officers on disciplinary charges, subject to the Police Commissioner's approval (see 38-A RCNY 1-41, 1-42).
According to the CCRB, in May 2018, it received a civilian complaint regarding an alleged road-rage incident that had taken place between the defendant and Delrawn Small (hereinafter the decedent) on July 4, 2016. According to the CCRB, the civilian complaint alleged that the decedent was driving in his vehicle on Atlantic Avenue in Brooklyn with his girlfriend, their five-month-old son, and the girlfriend's 14-year-old daughter when the defendant cut him off. When both vehicles stopped at a red light, the decedent, who was unarmed, exited his vehicle and approached the defendant's vehicle. The defendant, an off-duty police officer employed by the NYPD, drew his weapon and shot the decedent three times. The defendant then exited his vehicle and called 911. According to the defendant, he gave the dispatcher his location, and upon the arrival of responding units, he flagged down a supervisor and reported what had transpired. The decedent was pronounced dead at the scene of the incident.
After the incident, the New York State Attorney General and the NYPD's Force Investigation Division investigated the incident. The defendant was indicted by a grand jury and charged with murder in the second degree and manslaughter in the first degree. On September 27, 2016, the NYPD served the defendant with charges and specifications. At his criminal trial, the defendant presented a justification defense, and in November 2017, the jury acquitted him of all charges. As a result, the records pertaining to the defendant's arrest and criminal prosecution were sealed (see CPL 160.50).
After the defendant's acquittal, the NYPD interviewed the defendant. The NYPD's Use of Force Review Board found no violation of the NYPD's policy and recommended that the defendant not be subject to disciplinary action. In December 2018, the defendant was restored to full duty as a police officer.
According to the CCRB, when it received the civilian complaint in May 2018, it investigated the matter as a possible use of excessive force. The CCRB requested records from the NYPD but contends that the NYPD's ability to comply was limited due to the records being sealed pursuant to CPL 160.50. The CCRB interviewed the defendant in December 2019.
According to the CCRB, in October 2020, following its review of the CCRB's investigation, the Board of the CCRB found cause to believe that the defendant had committed misconduct and recommended that the defendant face charges and specifications. The Police Commissioner authorized the CCRB's administrative prosecution of the defendant. The CCRB charged the defendant with three counts of intentionally using force without police necessity, rising to the level of assault in the second degree, in violation of the NYPD's Patrol Guide.
In March 2021, the defendant commenced a proceeding pursuant to CPLR article 78 against the CCRB, the NYPD, and the Police Commissioner, among others, in the Supreme Court, New York County, entitled Matter of Isaacs v New York City Complaint Review Bd., under Index No. 152754/21, alleging, inter alia, that the disciplinary charges were untimely and that the CCRB's investigation and the Police Commissioner's actions were arbitrary and capricious. In a judgment dated January 24, 2022, the court denied the petition and dismissed the proceeding as premature, based on the defendant's failure to exhaust his administrative remedies (see Matter of Isaacs v New York City Civilian Complaint Review Bd., 2022 NY Slip Op 30303[U] [Sup Ct, NY County]).
In October 2021, while the CPLR article 78 proceeding was pending, the CCRB moved herein to unseal the record of this criminal action pursuant to New York City Charter §§ 440 and 1120 and Judiciary Law § 2-b(3) in order to conduct its disciplinary trial, contending that the CCRB has a compelling interest in obtaining the records relating to the defendant's criminal prosecution and that, in any event, the defendant waived the protections of CPL 160.50 by commencing the CPLR article 78 proceeding. The defendant opposed the motion, arguing, among other things, that he had not waived the protections of CPL 160.50, the CCRB had no authority to investigate off-duty police misconduct, and the CCRB is not entitled to unseal the record pursuant to CPL 160.50.
In an order entered March 8, 2023, the Supreme Court granted the CCRB's motion, determining that the CCRB "met its burden by showing that without an unsealing of the criminal records, it could not accomplish protecting the public through investigating and possibly disciplining a police officer" and that "relevant information cannot be obtained from sources other than the grand jury minutes and other sealed records." The defendant appeals.
II. Right to Unseal Records Under CPL 160.50
Generally, when a criminal action or proceeding is terminated in favor of an accused, "all official records and papers . . . relating to the arrest or prosecution . . . on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency" (CPL 160.50[1][c]; see Matter of City of Elmira v Doe, 39 AD3d 942, 943, affd, 11 NY3d 799). "The statute serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his [or her] having once been the object of an unsustained accusation" (Matter of Hynes v Karassik, 47 NY2d 659, 662).
"However, 'a former defendant's interest in preventing the disclosure of official records and papers . . . is not absolute'" (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d 570, 580, quoting Matter of Harper v Angiolillo, 89 NY2d 761, 767). "'[T]he Legislature has acknowledged the existence of countervailing considerations to the sealing of such records and papers' as reflected in express statutory exceptions set forth in CPL 160.50(1)(d)" (id., [*2]quoting Matter of Harper v Angiolillo, 89 NY2d at 766).
"In addition to the accused and the accused's designated agent, a court may make sealed records available only: to (1) a 'prosecutor in any proceeding in which the accused' has moved for an adjournment in contemplation of dismissal in a case involving marijuana charges below felony grade (CPL 160.50[1][d][i]); (2) 'a law enforcement agency upon ex parte motion in any superior court, if such agency demonstrates to the satisfaction of the court that justice requires' release (CPL 160.50[1][d][ii]); (3) state or local gun licensing agencies when the accused applies for a gun license (see CPL 160.50 [1][d][iii]); (4) the Division of Parole when the arrest occurred while the accused was under parole supervision (see CPL 160.50[1][d][iv]); (5) the prospective employer of a police officer or peace officer, so long as the applicant is provided with a copy of all records and given an opportunity to explain (see CPL 160.50[1][d][v]); and (6) any probation department responsible for the accused's supervision at the time of his or her arrest (see CPL 160.50[1][d][vi])" (id.).
None of these exceptions apply to the CCRB. Although a bill was sponsored to amend CPL 160.50 to authorize the CCRB "to review the records of a criminal action settled in favor of the accused in furtherance of an open investigation or disciplinary proceeding under [the CCRB's] review" (2023 NY Senate Bill S7034), it remains that the Legislature has not amended the statute to create a seventh exception for the CCRB (see People v Anonymous, 34 NY3d 631, 643-644 [discussing the Legislature's rejection of an attempt to amend CPL 160.50 to include a seventh exception to permit a party in a criminal proceeding to move for unsealing upon notice to the adverse party if it "demonstrates to the satisfaction of the court that justice requires that the records be made available to [it] in connection with the criminal proceeding" (2011 NY Assembly Bill A7389)]; Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d 128, 133 [if the Legislature had intended to create an exception for teacher disciplinary proceedings it would have done so]).
Despite not being authorized by CPL 160.50 to request the release of the records, the CCRB contends that it is entitled to access since there are extraordinary circumstances and disclosure is necessary. According to the CCRB, in Matter of James v Donovan (130 AD3d 1032), this Court explained that "the list of parties permitted to seek the unsealing of records under CPL 160.50(1)(d) has been expanded in extraordinary circumstances, upon a showing of a compelling demonstration that disclosure was necessary" (id. at 1036 [citations and internal quotation marks omitted]). Matter of James v Donovan, however, did not involve a motion to unseal records pursuant to CPL 160.50, but rather, involved proceedings to unseal and release grand jury minutes and evidence arising out of the death of Eric Garner pursuant to CPL 190.25(4)(a). Therein, the District Attorney had argued that certain parties lacked standing to seek disclosure of the grand jury materials since they were not among the individuals and agencies specifically enumerated in CPL 160.50(1)(d). In addressing this argument, this Court, while noting that CPL 160.50 was inapplicable to the case, also noted that the list had been expanded in extraordinary circumstances (see Matter of James v Donovan, 130 AD3d at 1036). The language relied on by the CCRB was not intended by this Court, however, to expand access to the extent requested by the CCRB, such as to make "unsealing of records the rule rather than a narrowly confined exception" (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d at 581).
The Court of Appeals has made it clear that "absent extraordinary circumstances, a specific grant of power, or the existence of a legal mandate the nature of which would be impossible to fulfill without unsealing criminal records, sealed criminal records may only be accessed by individuals and agencies specifically enumerated, and narrowly defined in CPL 160.50(1)(d)" (id. [citations and internal quotation marks omitted]). Here, the CCRB has failed to establish that any of these conditions exist to support its argument that it has authority to obtain the sealed records (cf. id. at 579 [New York State Commission on Judicial Conduct is authorized pursuant to Judiciary Law § 42(3) and its constitutional mandate to investigate judicial misconduct to request and receive records sealed under CPL 160.50 for use in its investigations]).
Although the New York City Charter authorizes the CCRB to compel the attendance of witnesses and to require the production of such records and other materials as are necessary for [*3]its investigations of police misconduct, and further requires the NYPD, inter alia, to provide records and other materials that are necessary for the CCRB's investigations, the Charter specifically exempts from such disclosure "such records or materials that cannot be disclosed by law" (NY City Charter § 440[d][1]). As such, it cannot be said that the CCRB has been given a specific grant of power that would allow it to access the sealed records (cf. Matter of Dondi, 63 NY2d 331, 338).
Moreover, given that the CCRB was able to conclude its investigation and recommend that the defendant be subject to discipline, it was not "impossible" for the CCRB to fulfill its legal mandate without unsealing the defendant's records (Matter of New York State Commn. on Jud. Conduct v Rubenstein, 23 NY3d at 581).
Nor does the Supreme Court's inherent authority over its proceedings provide it with the power to unseal the records under the circumstances of this case, "because that 'would subvert the plain intendment of the statutory scheme—to establish, in unequivocal mandatory language, a general proscription against releasing sealed records and materials, subject only to a few narrow exceptions'" (People v Anonymous, 34 NY3d at 642, quoting Matter of Joseph M. [New York City Bd. of Educ.], 82 NY2d at 134). "Such discretionary power may be invoked . . . only upon a compelling demonstration, by affirmation, that without an unsealing of criminal records, the ends of protecting the public through investigation and possible discipline . . . cannot be accomplished" (Matter of Dondi, 63 NY2d at 338). Here, the CCRB has failed to establish the existence of extraordinary circumstances that would warrant a court to issue an order unsealing the records (see id.).
In support of its motion, the CCRB merely contended that the records were vital and necessary to its administrative prosecution of the defendant. The CCRB did not specify which records were vital or necessary, although in its brief it contends for the first time that such evidence includes, among other things, records from the crime scene unit, since they "likely contain photographs and forensic evidence." The CCRB did not contend in support of its motion that "other avenues of investigation had been exhausted or thwarted or that it was probable that the record[s] contained information that was . . . not otherwise available by conventional investigative means" (id. at 339). The CCRB does not contend that witnesses, such as the decedent's girlfriend and her daughter, are unavailable to testify at the disciplinary trial, and it acknowledges that it received some documents from the NYPD. Although the CCRB contends that the NYPD's ability to comply was limited because the records were sealed pursuant to CPL 160.50, the CCRB was able to conduct its investigation, determine that the defendant had committed misconduct, and recommend that he face charges before it moved to unseal the records. In addition, the CCRB concedes that it will be able to conduct the disciplinary trial whether or not it obtains the records. "The statute's provisions strongly suggest that its primary focus is the unsealing of records for investigatory purposes" (Matter of Katherine B. v Cataldo, 5 NY3d 196, 205), not cases where it appears that the evidence is sought primarily for impeachment purposes (see Matter of New York State Police v Charles Q., 192 AD2d 142, 146). The CCRB's conclusory allegations that the records are vital and necessary for use in the defendant's disciplinary trial are insufficient to justify unsealing the records (see Matter of Dondi, 63 NY2d at 338; Matter of New York State Police v Charles Q., 192 AD2d at 146). Convenience alone will not justify an unsealing (see Matter of Dondi, 63 NY2d at 338).
III. Waiver
Alternatively, the CCRB contends that the order should be affirmed since the defendant waived any privacy interest he had in the records by commencing the CPLR article 78 proceeding. We disagree.
"Where a party puts into issue in a civil action elements common both to the civil action and to a criminal prosecution, that party waives the privilege conferred by CPL 160.50" (Lundell v Ford Motor Co., 120 AD2d 575, 576). Generally, such waiver occurs when a successful criminal defendant affirmatively places the underlying conduct at issue by commencing a civil suit against the State or a law enforcement agency (see Wright v Snow, 175 AD2d 451, 452; Taylor v New York City Tr. Auth., 131 AD2d 460, 462). Here, although the defendant's petition in the CPLR article 78 proceeding described some of the evidence presented at his criminal trial, that proceeding challenged only the timeliness of the CCRB's investigation and the determination of the CCRB and the NYPD to proceed with disciplinary charges despite the NYPD's prior determination not to discipline the defendant. The defendant did not place at issue his underlying conduct with respect to the criminal charges, and the respondents in the CPLR article 78 proceeding were able to answer the petition without using the materials under seal. As such, it cannot be said that the defendant [*4]"affirmatively place[d] the underlying conduct at issue by bringing a civil suit" (Best v 2170 5th Ave. Corp., 60 AD3d 405, 405).
IV. Miscellaneous
The parties' remaining contentions are without merit.
In light of the foregoing, the order is reversed, on the law, and the CCRB's motion to unseal the record of this criminal action is denied.
BARROS, J.P., CHRISTOPHER and TAYLOR, JJ., concur.
ORDERED that the order is reversed, on the law, without costs or disbursements, and the motion of nonparty New York City Civilian Complaint Review Board to unseal the record of this criminal action is denied.
ENTER:
Darrell M. Joseph
Clerk of the Court