People v Joseph (2025 NY Slip Op 25105)

[*1]

People v Joseph

2025 NY Slip Op 25105

Decided on April 25, 2025

Criminal Court Of The City Of New York, New York County

Auguste, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on April 25, 2025
Criminal Court of the City of New York, New York County

The People of the State of New York

against
Joshan Joseph, Defendant.

Docket No. CR-028508-23NY

Counsel for the New York County District Attorney's Office: Christina DiDomenico
Counsels for Defendant: Seann Patrick Riley and Naila Siddiqui of The Legal Aid Society 

Germaine A. Auguste, J.

Defendant, JOSHAN JOSEPH, is charged with Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01 [2]) and other related charges. During a preliminary trial conference, Defendant objected to the People moving several items into evidence at trial. Defendant argued that the items at issue are sealed under Criminal Procedure Law (CPL) § 160.50, and are therefore inadmissible at trial, because the items are part of a separately charged defendant's case that was dismissed and sealed. The People argued that the dismissal and sealing of the separately charged defendant's case, whose charges stemmed from the same instant alleged incident, did not render the items sealed because Defendant's case remains open, and the items are relevant evidence in both cases. However, in an abundance of caution, the People filed an unsealing order application to unseal the separately charged defendant's case. Both parties submitted memorandums of law in support of their arguments.
After a review of the relevant records and law, the court finds that the items at issue that the People seek to move into evidence at Defendant's trial are not subject to sealing under CPL 160.50. Therefore, the People's unsealing order application to unseal the separately charged defendant's case is DENIED as moot. The court's conclusion was reached as follows:
Factual and Procedural Background
On October 6, 2023, while inside of a subway train car, Defendant allegedly threatened to slice the complainant's face and then pointed a black knife at the complainant. Defendant then [*2]allegedly put the black knife in his pocket and turned to the separately charged defendant, S.J.[FN1]
 Police immediately responded to the scene and arrested Defendant. S.J. was present when the police arrested Defendant. S.J. immediately began speaking with the officers at the scene and informed them that she recorded a video of the incident between the complainant and Defendant on her cellphone. S.J. also told the officers that she took the knife from Defendant, that said knife was in her pant legging and asked the officers to take the knife from her. An officer proceeded to recover a black knife[FN2]
 from S.J.'s left pant legging.
Following the recovery of the black knife, S.J. was arrested for criminal possession of a weapon. While S.J. was being processed for her arrest, another officer recovered a pink knife[FN3]
 from her pant legging. An officer also recovered S.J.'s cellphone from S.J. during the processing of her arrest.
On October 8, 2023, Defendant was arraigned on an accusatory instrument under Docket No. CR-028508-23NY, charging him with Menacing a Police Officer or Peace Officer (Penal Law § 120.18)[FN4]
; Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01 [2]); Menacing in the Third Degree (Penal Law § 120.15); and Harassment in the Second Degree (Penal Law § 240.26 [1]). The accusatory instrument that was filed against Defendant expressly named S.J. as a separately charged defendant. That same day, S.J. was arraigned as a separately charged defendant under a separate accusatory instrument, charging her with a single count of Criminal Possession of a Weapon in the Fourth Degree (Penal Law § 265.01 [2]). These charges against Defendant and S.J. stemmed from the same instant alleged incident.
On January 11, 2024, the court dismissed S.J.'s criminal case based on speedy trial grounds pursuant to CPL 170.30 (1) (e). The court stayed the sealing of her case for seven days. On January 18, 2024, S.J.'s criminal case was sealed pursuant to CPL 160.50. 
Before the preliminary trial conference date scheduled for February 27, 2025, the People provided an exhibit list of the evidence they intend to introduce in this case. The exhibit list, in pertinent part, included the following items: (1) two knives that were recovered from the separately charged defendant, S.J.; (2) S.J.'s cellphone; (3) a video that was extracted the S.J.'s cellphone [FN5]
; and (4) body worn camera (BWC) video footage from police officers from the date [*3]of the alleged incident.
On February 27, 2025, during the preliminary trial conference, Defendant objected to the People introducing the aforementioned items into evidence in the instant case on the grounds that said items were sealed under CPL 160.50 since S.J.'s case was dismissed and sealed. Defendant argued that since these items were sealed under CPL 160.50, an unsealing order would be necessary to unseal S.J.'s case for the People to properly admit these items into evidence at Defendant's trial. The People maintained that said items were not sealed since these items also constituted evidence in Defendant's case and Defendant's case is open and still pending before the court. However, in an abundance of caution, the People filed an application for an unsealing order before this court to unseal S.J.'s sealed criminal case. Both parties submitted memorandums of law in support of their positions.
On March 21, 2025, the court issued an oral decision finding that the items at issue that the People seek to introduce into evidence are not sealed under CPL 160.50 and, therefore, the People's application for an unsealing order for S.J.'s criminal case was denied as moot. This written decision follows that oral decision.

The Sealing Statute
Pursuant to CPL 160.50, when a criminal action or proceeding is terminated in favor of an accused, "all official records and papers . . . relating to the arrest or prosecution . . . on file with the division of criminal justice services, any court, police agency, or prosecutor's office shall be sealed and not made available to any person or public or private agency" (CPL 160.50 [1] [c]; see People v Isaacs,  NY3d , 2025 NY Slip Op 01818, *1 [2025]). "The statute serves the laudable goal of insuring that one who is charged but not convicted of an offense suffers no stigma as a result of his [or her] having once been the object of an unsustained accusation" (Matter of Hynes v Karassik, 47 NY2d 659, 662 [1979]). "The sealing requirement was designed to lessen the adverse consequences of unsuccessful criminal prosecutions by limiting access to official records and papers in criminal proceedings which terminate in favor of the accused" (Matter of Harper v Angiolillo, 89 NY2d 761, 766 [1997]; see Matter of Katherine B. v Cataldo, 5 NY3d 196, 202 [2005]). Thus, when an action is sealed under CPL 160.50, " 'the arrest and prosecution are deemed a nullity' " (People v Anonymous, 34 NY3d 631, 637 [2020], quoting Matter of Alonzo M. v New York City Dept. of Probation, 72 NY2d 662, 667 [1988]).
However, CPL 160.50 does not necessarily seal all items in an action but only "all official records and papers" (CPL 160.50 [1] [c] [emphasis added]). By its plain text, the "ambit of the sealing requirement is broad " (Matter of Harper, 89 NY2d at 766). Thus, "all official records and papers" (CPL 160.50 [1] [c]) is interpreted as "a broad and inclusive statement " (Matter of Dondi, 63 NY2d 331, 337-338 [1984]; People v Anonymous, 34 NY3d at 645). While the statute specifically lists certain items like judgements, orders, photographs of the accused, and fingerprints as items to be sealed (CPL 160.50 [1] [a] —[c]), "the statute is otherwise silent on the nature of such 'official' material" (Matter of Harper, 89 NY2d at 766 [citation omitted]). Thus, there are no "bright line rules" (id.) as to what constitutes "official" materials under the sealing statute (CPL 160.50 [1] [c]).

Discussion
In this case, the court must determine whether the items at issue that the People seek to introduce into evidence at trial constitute official records and papers that are subject to sealing under CPL 160.50. The Court of Appeals has acknowledged that the identification of official records and papers is not always straight forward "and may vary according to the circumstances [*4]of a particular case" (Matter of Harper, 89 NY2d at 766 [citation omitted]). As an example, the Court in Matter of Harper compared Matter of Dondi, 63 NY2d 331 (1984) and Matter of Hynes v Karassik, 47 NY2d 659 (1979) (89 NY2d at 766). Under the circumstances in Matter of Dondi, the Court found that a tape recording was an official record subject to sealing under CPL 160.50 (63 NY2d at 337-338). Under the circumstances of Matter of Hynes, the Court affirmed the Appellate Division's finding that two tape recordings were not official records subject to sealing under CPL 160.50 (47 NY2d at 661-662). The Court's comparison of Matter of Dondi and Matter of Hynes emphasized how the specific surrounding facts and circumstances of each individual case determines whether an item may or may not qualify as an official item under CPL 160.50. 
Based on the surrounding circumstances of the alleged instant incident, as previously discussed above, there is no question that Defendant's criminal case and S.J.'s criminal case are inextricably linked with each other. The criminal charges filed against them stemmed from the same investigation, alleged incident, and underlying facts. In addition, while Defendant and S.J. were not charged as co-defendants in that both were charged with the same crimes, S.J. was named as a separately charged defendant in Defendant's accusatory instrument. Further, the items at issue, i.e., the BWC video footage, the knives, S.J.'s cellphone, and the video extracted from S.J.'s cellphone, are all pieces of evidence that were obtained during the same investigation that led to both Defendant's and S.J.'s arrests and subsequent charges.
A closer look at the items of issue further demonstrates the inextricable link between Defendant's and S.J.'s case. First, a review the BWC video footage at issue shows that said videos depict the investigation, detainment, recovery of both knives, and arrest of both Defendant and S.J., which all occurred on the same date and subway station. Second, the knives that were recovered from S.J.'s person are evidence of not only the charge against her, but also against Defendant because S.J. told the police that she took the knife from Defendant. She then told the police that they could take the knife from her, and she proceeded to shake the knife out of her pant legging so that police could recover said knife. Lastly, after Defendant was arrested, S.J. immediately spoke with officers who arrived at the scene and told them that she had a video of the alleged incident between Defendant and the complaining witness on her phone. Based on S.J.'s statements, the police had reasonable cause to believe that her cellphone contained video evidence of the instant alleged incident. It is readily apparent that these items at issue were collected during the same investigation that led to both Defendant's and S.J.'s arrests and subsequent charges. 
Given this inextricable connection between Defendant's and S.J.'s case, the question becomes whether the sealing of S.J.'s case renders the items at issue sealed under CPL 160.50. The court finds that it does not.
Here, Defendant attempts to use the sealing statute as a sword to preclude evidence at trial when his case remains open and pending before this court. CPL 160.50 does not entitle Defendant to preclusion of evidence when the intent of the sealing statute is to "remove any 'stigma' flowing from an accusation of criminal conduct terminated in favor of the accused, thereby affording protection (i.e., the presumption of innocence) to such accused in the pursuit of employment, education, professional licensing and insurance opportunities" (People v Patterson, 78 NY2d 711, 716 [1991]). Thus, the sealing statute was meant to be a shield for S.J. as only her case was dismissed and sealed pursuant to CPL 160.50.
While the items at issue may qualify as "official records and papers" (CPL 160.50) [*5]subject to sealing under CPL 160.50 in sealed criminal proceedings that accuse a single defendant, that is not the case here. As previously discussed, S.J. was a separately charged defendant in this case. The evidence and charges against Defendant and S.J. stemmed from the same underlying investigation and are inherently interwoven and inextricably connected to each other. Under these specific surrounding facts and circumstances, the dismissal and sealing of one defendant's case does not render relevant and pertinent evidence subject to sealing under CPL 160.50 when another related, but separately charged, defendant's case is still open and pending before the court. Therefore, the court finds that the items at issue that the People seek to introduce into evidence at trial are not subject to sealing under CPL 160.50 (see People v Sanchez, 54 Misc 3d 139 (A) [App Term, 2d Dept, 9th and 10th Jud Dists 2017] [the Miranda card that was used in two investigations, one terminated and sealed and the other active and culminated in the trial from which the defendant appeals from, was not subject to sealing under CPL 160.50]; Matter of N.J., 224 NYS3d 825, 831 [Fam Ct, Kings County 2024] [dismissal of both of respondents' physical assault case did not render sealed various police reports that related to one respondent's pending and open sexual assault case]).
In any event, while this court finds that the items at issue are not subject to sealing, any evidence obtained in violation of CPL 160.50 does not warrant preclusion of said evidence because CPL 160.50 "does not implicate fundamental constitutional interests or considerations" (Patterson, 78 NY2d at 717; see also People v Johnson, 27 NY3d 199 [2016] [violation of a statute that did not implicate a constitutionally protected right, without more, did not warrant suppression of evidence]; People v Weathers, 201 AD3d 959 [2d Dept 2022] [same]). "Evidence obtained as a result of a statutory violation lacking constitutional implications has long been held admissible as evidence of guilt" (People v Torres, 291 AD2d 273, 274 [2d Dept 2002]). In criminal prosecutions, a violation of CPL 160.50, standing alone, does not warrant the "imposition of the severe sanction of suppression [which] often results in an inability to successfully proceed with prosecution of the defendant" (Patterson, 78 NY2d at 718 n 2; see Matter of Dondi, 63 NY2d at 339-340 [under the peculiar facts of this case, use of the improperly unsealed items in conjunction with other significant factors violated the appellant's due process rights and warranted dismissal of the complaint]).
Put simply, items sealed under CPL 160.50 may still be used at trial to prove a defendant's guilt (see People v Britton, 213 AD3d 1326 [4th Dept 2023] [trial court's denial to suppress results of a fingerprint comparison that used a sealed fingerprint card was not error]; People v Stewart, AD3d 1108 [2d Dept 2018] [admission of evidence at the defendant's trial from defendant's prior sealed case, i.e., audio recording of telephone conversations between the defendant and the victim and a transcript of said conversation, was proper]; People v Vega, 116 AD3d 454 [1st Dept 2014] [possible sealed status of the defendant's prior arrests did not necessarily render defendant's statements from said prior arrests inadmissible at trial as impeachment evidence]; Torres, supra [admission at trial of a photograph of the defendant from an unrelated arrest that was sealed under CPL 160.50 was not error]).
In sum, there is no legal ground to preclude the items at issue that the People seek to introduce into evidence at Defendant's trial.

CONCLUSION
WHEREFORE, the court finds that: (1) the items at issue that the People seek to move into evidence at Defendant's trial are not subject to sealing under CPL 160.50; and (2) the People's application to unseal S.J.'s case is DENIED as moot.
This constitutes the decision and order of the court.
Dated April 25, 2025 
New York, New York
HON. GERMAINE A. AUGUSTE
Acting Justice of the Supreme Court

Footnotes

Footnote 1: Since S.J.'s case was dismissed and sealed pursuant to CPL 160.50, the court will not use her name and, instead, refer to her as S.J. 

Footnote 2: The police vouchered the black knife that was recovered from S.J.'s person as arrest evidence in Defendant's case.

Footnote 3: The police vouchered the pink knife that was recovered from S.J.'s person as arrest evidence in both Defendant's and S.J.'s case.

Footnote 4: On May 6, 2024, the People moved to dismiss the top charge, the sole felony charge, Menacing a Police Officer or Peace Officer (Penal Law § 120.18), in the interest of justice. The court granted the People's application and dismissed the sole felony charge in the interest of justice. 

Footnote 5: In October of 2023, pursuant to a search warrant, a video that depicts part of the alleged instant incident was extracted from S.J.'s cellphone.